## STATE v. JOHN SMITH.

Decided March 8, 1890.

*Former conviction—Jeopardy.*

> A conviction of an aggravated assault in a justice's court is a bar to an in-dictment in the circuit court for an assault with intent to kill for the same offense.

ERROR to *Little River* Circuit Court.

R. D. HEARN, Judge.

*W. E. Atkinson*, Attorney General, and *T. D. Crawford* for appellant.

The offense charged in the indictment is a felony. Mansf. Dig., sec. 1567. Circuit courts have exclusive jurisdiction of felonies. Justices of the peace have no jurisdiction of felo-

nies, except to sit as examining courts. Const., art. 7, sec. 40.

The justice had no authority to "adjudge" the defendant not guilty, or to discharge him from further prosecution. 38 Ark., 550; 42 Ark., 270; 33 Iowa, 525; 55 Iowa, 531. See also 10 Cox C. C., 480; 66 Ind., 223; 11 Pick., 134; 12 Pick., 496; 101 Mass., 25; 95 Ind., 480; 4 Park. C. C., 196; 1 Park. C. C., 182; 41 Tex., 300; 37 Ill., 420; 16 Ill., 380; 70 Me., 452; 62 Ind., 35; 23 Gratt., 960.

The justice having no jurisdiction of felonies, defendant was not in jeopardy of life or liberty.

*J. C. Head* for appellee.

Justices have jurisdiction of all misdemeanors for final trial and judgment. They, as examining courts, are directed, in case they find defendant guilty of an offense other than that charged in the warrant, to hold the defendant in custody and put on trial for such offense, and if it is a misdemeanor this trial and judgment is final, and will bar any other prosecution for the same offense, if the charge is one of the degrees, or is embraced in the second charge. Const. art. 2, sec. 8; Mansf. Dig., secs. 1966, 2052, 2034, 2288 *et seq.*; 45 Ark., 97; 42 Ark., 270; 1 Bish., Cr. Law, secs. 208, 866, 839; 50 Ark., 528.

HUGHES, J.   The appellee was indicted for assault with intent to kill. He pleaded former conviction for the same offense, setting up in his plea that, upon a charge of assault with intent to kill, before a magistrate, growing out of the same transaction, he had been adjudged not guilty of the assault with intent to kill, and was discharged from further prosecution upon said charge. That he was then held by the magistrate for trial for assault and battery, and was convicted of an aggravated assault for the same offense, and fined fifty dollars and sentenced to one day's imprisonment.   The State

demurred to the plea; the demurrer was overruled, and the State appealed. Was the plea of former conviction good?

In section 8, article 2 of the Constitution, it is provided that "no person, for the same offense, shall be twice put in jeopardy of life or liberty."

In *Nichols v. State*, 38 Ark., 550, it was adjudged: that a demurrer to a plea of former conviction was good, where, upon an examination before a justice of the peace upon a charge of maiming, the defendant was discharged, but was held for and convicted of an assault and battery, and adjudged to pay a fine of five dollars, and was afterwards indicted in the circuit court for maiming, for the same offense. In *Southworth v. State* in 42 Ark., 270, it was adjudged that a conviction of petit larceny in a justice of the peace's court would bar an indictment for grand larceny for the same offense; because upon a trial for either grand or petit larceny the accused is in jeopardy and the "Constitution protects life and liberty * * * from being twice put in jeopardy." The court said in this case, we are unwilling to extend the decision in *State v. Nichols*, to cases of larceny. While the doctrine of these cases is settled in our decisions and we adhere to the same, we are of the opinion that the ground upon which they rest is the above provision of the Constitution, that "no person, for the same offense, shall be twice put in jeopardy of life or liberty."

There is no violation of this provision in trying a person for a higher offense who has been previously tried for a lower degree of the same offense, if the former trial did not jeopardize life or liberty.

We therefore adjudge in this case that, the defendant (appellee) having been convicted of an aggravated assault, fined and imprisoned upon the judgment of the justice of the peace, a trial upon the indictment afterwards for assault with intent to kill for the same offense would have put him a second time in jeopardy within the meaning of the Constitution,

and that the demurrer to the plea of former conviction was properly overruled.

Affirmed.