STATE *v.* BROWN.

Opinion delivered November 19, 1917.

1. CRIMINAL LAW—FAILURE OF JURY TO ASSESS FULL PUNISHMENT.—A defendant in a criminal prosecution can not complain because of the failure of the jury to assess against him the full penalty allowed by law.

2. CRIMINAL LAW—APPEAL FROM JUSTICE COURT—TRIAL DE NOVO.—An appeal from a judgment in a justice court, is tried *de novo* in the circuit court.

3. CRIMINAL LAW—APPEAL FROM JUSTICE COURT.—In a criminal prosecution before a justice, judgment was rendered against the defendant assessing a fine, but not assessing a jail sentence. On appeal to the circuit court, it is the duty of the court to try the cause *de novo,* and it is error to quash the judgment of the justice.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; reversed.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellant.

1.  The court erred in quashing the judgment of the J. P.  On appeal the case was for trial *de novo.*  The judgment was too favorable to appellant but of this he can not complain.  Kirby's Digest, § 2580; 29 Ark. 299; 80 *Id.* 495; 104 *Id.* 606; 82 *Id.* 25; 14 S. W. 88.

HUMPHREYS, J.  The State of Arkansas has prosecuted an appeal in this case to test the ruling of the circuit court in quashing a judgment against appellee for

petit larceny rendered by a justice of the peace in Mt. Calm Township, Fulton County.

On the 16th day of July, 1917, appellee was tried and convicted by a jury in a magistrate's court for petit larceny and his punishment fixed at a fine of $10. Appellee prosecuted an appeal from the judgment to the circuit court for Fulton County. When the case was called in the circuit court, both parties announced ready for trial and the petit jury was sworn to answer questions touching their qualifications to serve as jurors in that case. At this juncture, over the objection of the State, appellee was permitted to withdraw his announcement, and thereupon orally moved the court to quash the judgment of the justice of the peace for the reason that a fine only was imposed by the verdict of the jury in the magistrate's court. Petit larceny is punishable by both fine and imprisonment in this State. The jury in the magistrate's court returned a verdict of guilty and fined appellee $10. The circuit court sustained the motion, quashed the judgment and discharged appellee.

(1) The justice of the peace before whom appellee was tried and convicted had jurisdiction of the crime charged and the person of appellee. He was regularly tried and convicted of the crime charged. The only error committed by the jury was in the failure to assess a jail sentence. This was an error favorable to the appellee and of which he could not complain. *Cook* v. *State,* 80 Ark. 495; *Price* v. *State,* 82 Ark. 25; *Hamer* v. *State,* 104 Ark. 606.

(2-3) Appellee prosecuted an appeal to the circuit court, and in so doing, carried the whole case up for trial *de novo.* It is provided by Section 2580 of Kirby's Digest in the chapter entitled, "Appeals to Circuit Court in Criminal Cases," that "Upon the appeal the case shall be tried anew, as if no judgment had been rendered, * * *." The court should have proceeded in the manner provided by the statute. The judgment of the justice of the peace was not before the court for review, hence, it was error to quash it.

The judgment of the circuit court is therefore reversed and the cause is remanded for trial *de novo.*