STRICKBINE *v.* STATE.

4196                                                      148 S. W. 2d 180

Opinion delivered February 24, 1941.

*Alfred Featherston,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, C. J.   In consequence of information filed by F. B. Clement, deputy prosecuting attorney, and an affidavit executed by D. M. Brown,[1] each charging Jack Strickbine with the crime of assault with a deadly weapon, a warrant of arrest was issued by A. L. Henderson, justice of the peace.  Trial to a jury resulted in a verdict that the defendant was guilty of assault and battery.  He was fined $5.  From this judgment there was an appeal.

There are no indorsements on the record showing that the appeal was perfected; nor does the judgment of the circuit court identify the charge upon which the defendant was tried other than through inferences arising from the form of verdict.  The jury found Strickbine was guilty.[2]   His punishment was fixed at ten days in

---

[1] The Brown affidavit charged Strickbine *and others* with the crime of assault with a deadly weapon.   The prosecuting attorney's information charged Strickbine only.

[2] The verdict was:  "We, the jury, find the defendant guilty and fix his penalty at $50 fine and jail sentence of ten days."

jail and a fine of $50. Judgment was pronounced and this appeal resulted.

By act approved January 6, 1857,[3] punishment for assault and battery is fixed at a fine not in excess of $200. There is a proviso that the section shall not be construed to apply to assaults and batteries of an aggravated character.

Aggravated assault is defined in Ballentine's Law Dictionary as an assault where the means or instrument used to accomplish the injury is highly dangerous or where the assailant has some ulterior and malicious motive in committing the assault other than a mere desire to punish the person injured.

The punishment prescribed for one who assaults another with a deadly weapon, instrument or other thing, with an intent to inflict a bodily injury where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant disposition, is a fine of not less than fifty nor exceeding one thousand dollars, and imprisonment not exceeding one year. The crime is classified as a misdemeanor.[4]

Assault with intent to kill is a felony, punishable by imprisonment in the penitentiary for not less than one nor more than twenty-one years.[5]

Appellant contends he was improperly tried in circuit court on a charge of aggravated assault because he had been tried in a justice of the peace court on a charge of assault with a deadly weapon and found guilty of assault and battery. Insistence is that the jury necessarily found that the defendant was not guilty of the greater crime. That Strickbine was tried in circuit court for assault with a deadly weapon is made clear by the form of verdict suggested by the court.[6]

---

[3] Pope's Digest, § 2959.

[4] Pope's Digest, § 2960.

[5] Pope's Digest, § 2961.

[6] The form suggested was: "We, the jury, find the defendant guilty and fix his punishment at a fine of not less than fifty nor more than one thousand dollars and a jail sentence for any period of time not to exceed one year." [In a dissenting opinion in *Wilson* v. *State*, 162 Ark. 494, 258 S. W. 397, it was said: "But the law does not read that an aggravated assault can be committed only with a deadly

In *State* v. *John Smith,* 53 Ark. 24, 13 S. W. 391, it was held that a conviction of an aggravated assault in a justice's court barred an indictment in circuit court for an assault with intent to kill, under § 8, art. 2, of the constitution.[7] Referring to the constitutional provision, Mr. Justice Hughes, speaking for the court, said: "There is no violation of this provision in trying a person for a higher offense who has been previously tried for a lower degree of the same offense, if the former trial did not jeopardize life or liberty."

Since the essentials of an aggravated assault may be included in an assault with a deadly weapon, we think appellant should have been tried in circuit court on the charge on which he was convicted in the justice court—assault and battery. The jury in the justice court might have found him guilty as charged, and in that event could have assessed a prison sentence. Hence, he had been tried once in circumstances involving his liberty. The constitution prohibits a second trial.

It does not follow, however, that in circuit court the jury was bound by the fine assessed in the justice court. Punishment may be in any sum not exceeding $200. It must be held, therefore, that the fine of $50 was legal if the evidence was sufficient to convict, and if no errors occurred in the trial. We have examined the evidence and it is substantial. The instructions complained of, and the questions to which exceptions were taken, were not prejudicial.

The state insists that former jeopardy must be pleaded, and points to the fact that this issue was not raised until motion for a new trial was filed. It is also contended that § 4230 of Pope's Digest requires that on appeal the cause be tried *de novo,* "as if no judgment had been rendered."

That part of Pope's Digest referred to is § 357 of the Criminal Code, and is found in Title IX, Ch. II, deal-

weapon." The applicable statute was then quoted and is the one now appearing as § 2960 of Pope's Digest—assault with a deadly weapon. Although this reference appears in the dissenting opinion, the entire court appears to have had the same statute in mind.]

[7] ". . . no person, for the same offense, shall be twice put in jeopardy of life or liberty."

ing with appeals from justice of the peace courts. Its exact language is: "Upon the appeal the case shall be tried anew as if no judgment had been rendered, and the judgment shall be considered as affirmed if a judgment for any amount is rendered against the defendant. . . ."

In *Johnson* v. *State,* 29 Ark. 31, 21 Am. Rep. 154, it was said: "There is a code provision as follows: 'The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew and the former verdict cannot be used or referred to in evidence or argument.'"

Commenting on this statute, the court said: "No doubt that the granting of a new trial upon the application of the accused, on an offense of which he is convicted, places him in the same position as if no trial had been had, but if the section of the code above quoted meant to go further and provide that where the indictment charges several offenses or grades of offenses, and on the first trial the accused is convicted of one offense or grade of offense, and acquitted of another, the granting of a new trial places him in the same position as to the offense or grade of offense of which he was acquitted as if no trial had been had, it is in conflict with the clause of the 9th section of the bill of rights of the constitution of 1868 which declares that 'No person after having been once acquitted by a jury for the same offense shall be again put in jeopardy of life or liberty',[8] and the section of the code must be construed and administered by this paramount constitutional limitation."

In construing the Johnson Case the headnote writer said: "Where the defendant was indicted for murder in the first degree, tried and found guilty of murder in the second degree, it was an implied acquittal of the higher grade of homicide, and he could not again be put in jeopardy for that offense; and it is the duty of the court so to instruct the jury, whether the former acquittal is pleaded or not."

In respect of the necessity of an affirmative plea of former jeopardy, the court said: "The record of the

[8] The provision of the constitution of 1868 referred to, and the provision on the same subject in the constitution of 1874, are substantially the same.

former implied acquittal of the appellant of murder in the first degree being before the court, in the very cause which it was trying a second time, it was the duty of the court to tell the jury that they could not find him guilty of that grade of offense, if such be the law, even if the appellant had not interposed a plea of former acquittal." The theory of this principle is that the court is at all times cognizant of its proceedings. *Atkins* v. *State*, 16 Ark. 568.

In the instant case the circuit court acquired jurisdiction through appeal. Necessarily the record of the justice court was before it, and that record showed an implied acquittal of the defendant by a jury in the court of the justice of the peace.

Chief Justice ENGLISH, speaking for the court, said in *Marre* v. *State*, 36 Ark. 222: "Most assuredly should the accused be tried in the circuit court, on appeal, for the same offense for which he was tried, and convicted before the justice."

The case of *State* v. *Brown*, 131 Ark. 127, 198 S. W. 877, cited by appellee, is distinguishable. There the defendant was tried in a justice of the peace court on a charge of petit larceny. He was fined $10. The applicable statute provided for a fine *and* imprisonment. The defendant appealed and moved the court to quash the judgment because a fine only had been imposed. It was held that § 2580 of Kirby's Digest (now § 4230 of Pope's Digest) brought up the entire record, and that the cause should proceed *de novo,* as though no judgment had been rendered.

The difference between the Brown Case and the case at bar is that Brown was convicted of the crime charged against him, but the jury failed to impose a part of the penalty made mandatory by law. In the instant case Strickbine was tried on a charge of assault with a deadly weapon, and convicted of a lower degree of assault.

The judgment of the circuit court in assessing a fine of $50 is affirmed. That part of the judgment imposing a jail sentence is reversed.[9]

---

[9] The evidence was that Strickbine hurled bricks at the object of his assault.