Darryl GAYLOR *v.* STATE of Arkansas

CR 84-127                                      681 S.W.2d 348

Supreme Court of Arkansas
Opinion delivered December 17, 1984

*D. Drew Luttrell,* for appellant.

*Steve Clark,* Att'y Gen., by: *Marci L. Talbot,* Asst. Att'y Gen., for appellee.

WEBB HUBBELL, Chief Justice. Appellant, Darryl Gaylor, was convicted of aggravated robbery, theft, and of being a felon in possession of a firearm and was sentenced to 60 years, fifteen years, and twelve years of imprisonment respectively, the sentences to run consecutively. Appellant argues that the trial court erred in refusing to suppress evidence seized incident to his warrantless arrest. We affirm.

On December 1, 1983, at about 10:00 p.m., the Kentucky Fried Chicken of Mountain Home, Arkansas was robbed by a white male carrying a sawed off shotgun. The investigating officer determined the robbery must have been committed by a former employee. Appellant fit the description of the robber, was a former employee, and was known to be in need of money, so the police officers went directly to appellant's residence. They arrived at appellant's house at about 10:27. The house was dark, and the officers received no response when they knocked. A neighbor told them he had seen appellant climb into the neighbor's pick-up and then go into appellant's house. The officers then entered Mr. Gaylor's residence through an unlocked door after calling on a loudspeaker for appellant to come out. A bank bag, some cash, and a check were found in a back bedroom. One of the officers noticed the attic door slightly ajar and some loose attic insulation. Upon demand appellant then climbed down from the attic and was arrested.

Appellant argues that the evidence seized should have been suppressed because appellant's arrest was not based on reasonable cause and was therefore illegal. We address first the legality of the arrest, second the legality of the entry and search of appellant's home, and third the seizure of evidence incident to the arrest.

I

An officer may make an arrest where he has reasonable grounds for believing that the person arrested has committed a felony. Ark. Stat. Ann. § 43-403 (Repl. 1977). A.R. Crim. P. Rule 4.1. Reasonable cause is synonymous with the term "probable cause". A.R. Crim. P. Commentary to Article IV following A.R. Crim. P. Rule 10.1. Probable cause, or reasonable cause, exists where the facts and circumstances within the arresting officer's knowledge, and of which he had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested. *Coble v. State*, 274 Ark. 134, 624 S.W.2d 421 (1981); *McGuire v. State*, 265 Ark. 621, 580 S.W.2d 198 (1979). The arresting officer testified that the investigation revealed the armed robbery had been committed by a former employee who fit appellant's description. The officer stated he was aware of appellant's prior criminal record. The officer further stated he knew that appellant had been a former employee and that appellant was in the area and needed money. The trial court found "there is reasonable cause to believe this defendant has committed a felony. . . ." Under the circumstances of this case, we affirm the trial court's finding of reasonable cause for the arrest.

II

The United States Supreme Court has held that the Fourth Amendment of the Constitution of the United States prohibits police officers from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest absent exigent circumstances. *Payton v. New York*, 445 U.S. 573, (1980). See also *Haynes v. State*, 269 Ark. 506, 602 S.W.2d 599 (1980). *Dorman v. U.S.*, 435

F.2d 385 (D.C. Cir. 1970), recently cited with approval in *Welsh* v. *Wisconsin*, ___ U.S. ___, 80 L.Ed.2d 732, 744 (1984), enumerates some exigent circumstances which may render a warrantless entry to arrest reasonable: 1) the commission of a grave offense, 2) belief that the suspect is armed, 3) a clear showing of probable cause to believe the suspect committed the crime, 4) strong reason to believe the suspect is in the premises being entered, and 5) likelihood that the suspect will escape if not swiftly apprehended. A sixth exigent circumstance to be considered is the danger of destruction of the evidence. See *United States* v. *Santana*, 424 U.S. 38 (1976). In addition, the peaceable entry of the premises may be considered in determining the reasonableness of police action. In the instant case the grave offense of aggravated robbery was involved. The officers believed appellant was armed because the robbery had occurred less than half of an hour prior to the arrest. All events occurred after ten o'clock at night. The officers had reason to believe appellant was in his house because a neighbor had just seen him climb into the neighbor's pick-up, get out, enter the house, and turn a light on and off. Another officer testified he thought he heard someone moving in the house while he was standing outside the backdoor. The door to the house was unlocked, and peaceful entry was made. The trial court found exigent circumstances which, coupled with the finding of reasonable cause, formed a basis for a lawful warrantless arrest. All presumptions are favorable to the trial court's ruling on the legality of the arrest, and the burden of demonstrating error rests on the appellant. *Reed* v. *State*, 280 Ark. 316, 657 S.W.2d 557 (1983). Under the facts of this case, the trial court did not err in finding the entry and arrest were lawful.

## III

A search and seizure made contemporaneous to a lawful arrest is valid if the accused is on the premises and the officer has reason to believe the premises contain things which are: 1) subject to seizure, 2) connected with the offense for which the arrest is made, and 3) likely to be removed or destroyed before a search warrant could be obtained. A.R. Crim. P. Rule 12.5. While walking through the residence looking for appellant, the officers found in plain view and seized a bank

bag, some cash, and a check identified as having come from Kentucky Fried Chicken. The officers also seized some clothing and three shotgun shells. Both probable cause and exigent circumstances existed for the arrest independent of the search. Since the arrest and search were substantially contemporaneous, we conclude there was no error, and the objects seized were properly admitted into evidence.

Affirmed.