George Allen PETERS *v.* STATE of Arkansas

CR 85-96                      692 S.W.2d 243

Supreme Court of Arkansas
Opinion delivered July 8, 1985

*Darrell E. Baker, Jr.*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Velda P. West*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. George Allen Peters was charged with violation of Ark. Stat. Ann. § 75-2503 (Supp. 1983). The information alleged a felony offense of driving while intoxicated and recited that Peters had been convicted of DWI on three occasions. A jury convicted Peters of the offense charged, and he was sentenced to imprisonment for eighteen months and fined $5,000.

We must reverse this conviction for two reasons. First, there was insufficient evidence that Peters was assisted by counsel in one of the three prior convictions alleged. Secondly, the court did

not allow the jury to determine the existence of the prior convictions.

### 1. Evidence of Counsel

■ The trial court accepted as evidence of one of the three prior convictions a certified transcript of the Farmington, Arkansas, municipal court docket showing that Peters was convicted of DWI, third offense, on September 15, 1982. The docket transcript was silent as to whether Peters had been represented or had waived representation by counsel. If the record is silent as to representation or waiver the conviction cannot be used as evidence that the offense charged in this case is the fourth DWI offense and thus a felony under the statute. *Baldasaar* v. *Illinois*, 446 U.S. 222 (1980); *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984).

The only evidence presented by the state to show that Peters was represented by counsel at his third offense trial was a copy of a letter from a law student to the judge who presided at that trial. The letter shows Peters to have been represented by the student. The clerk of the Farmington City Court has entered a certification on the copy saying it is "true and correct," but she does not say that the original is a record of the court.

In a letter to the deputy prosecutor who tried the case before us now, the Farmington City Court clerk stated that the law student who signed the letter to the judge represented Peters under the supervision of a named, licensed attorney pursuant to our student practice rule. This letter bears no certification as being a public record.

In response to the appellant's contention that these letters are hearsay, the state cites *Williford* v. *State*, 284 Ark. 449, 683 S.W.2d 228 (1985), as authority that a certified copy of a document showing representation by counsel is sufficient proof. In that case we held that a photocopy of a docket sheet certified by a court clerk as being "an accurate record of the proceedings" and showing waiver of the right to counsel was sufficient.

In this case the only evidence that Peters was represented by an attorney was the letter from the clerk to the deputy prosecutor. This letter was not certified by the court clerk and it is not even part of the court record.

■ We hold this letter is insufficient evidence that Peters was assisted by counsel at the trial of his third DWI conviction. Since there is not sufficient evidence of representation, Peters' third conviction cannot be used as evidence that the conviction before us now is his fourth.

## 2. Number of Prior Convictions

The trial court ordered a bifurcated trial. The jury first heard evidence to determine whether the appellant was driving while intoxicated on the occasion alleged. After the jury returned a guilty verdict, the judge heard evidence in chambers to determine the number of prior convictions, and then he instructed the jury that the range of sentences should be based on three prior convictions. The trial court based this procedure on Ark. Stat. Ann. § 41-1005 (Supp. 1983), as the Omnibus DWI Act of 1983 does not provide the procedure for bifurcation. Section 41-1005 provides that the jury will first hear evidence as to the guilt or innocence of the defendant. If the jury finds the defendant guilty, the trial court will hear evidence of the defendant's previous convictions and determine the number of prior convictions. The trial court will then instruct the jury as to the number of previous convictions. The jury will retire again to determine a sentence.

■ Section 41-1005 is inapplicable to the Omnibus DWI Act because it applies only to the determination of habitual offender status pursuant to Ark. Stat. Ann. § 41-1001 (Supp. 1983). That statute provides extended terms of imprisonment for those who have committed more than one but less than four felonies. Appellant has three previous convictions, but they are all misdemeanors under the DWI Act. Under the sentencing enhancement statutes followed by the judge, the previously committed felonies do not constitute an element of the offense charged.

■ Appellant contends that the existence of three prior convictions constitutes an element of DWI, fourth offense, and thus the trial court deprived him of his right to have the jury determine a material element of the offense charged. We agree. The fact of three prior convictions is an element of the felony DWI fourth offense as defined by Ark. Stat. Ann. § 75-2504(3) (Supp. 1983). In *State* v. *Brown*, 283 Ark. 304, 675 S.W.2d 822 (1984), we allowed the state to amend an information to charge DWI, first offense, instead of DWI, fourth offense. We said the

state could amend to conform to the proof when the amendment does not change the nature or degree of the offense. In that case the amendment was obviously not prejudicial to the accused. We would not have permitted an amendment of an information alleging DWI, first offense, to one alleging DWI, fourth offense, because the additional element of three previous convictions, making the offense charged a felony, would constitute a matter on which the accused would be required to prepare for trial.

While the felony sentencing enhancement statutes do not apply, we agree the trial should be bifurcated. The jury must first hear evidence of guilt or innocence. If the defendant is found guilty of the instance of DWI alleged, the jury will then hear evidence of previous convictions. The trial judge will still determine whether the accused was represented by, or entered a valid waiver of, counsel in the previous convictions alleged and will exclude evidence of any conviction not meeting the counsel requirement. This procedure protects the defendant from prejudice by preventing the jury from considering the three prior convictions during their initial determination of guilt or innocence. *Heard* v. *State*, 272 Ark. 140, 612 S.W.2d 312 (1981).

Reversed.

DUDLEY and SMITH, JJ., not participating.