Jimmy WRIGHT *v.* STATE of Arkansas

CA CR 85-110                                   702 S.W.2d 811

Court of Appeals of Arkansas
Division II
Opinion delivered January 29, 1986

*J. F. Atkinson, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Jimmy Wright appeals his conviction of driving while intoxicated, a felony for which he was sentenced to three years in the Department of Correction and fined $3,000. We find no error.

The appellant first contends that the trial court erred in not granting his motion to suppress evidence of a breath analysis which he argued was administered pursuant to an unlawful arrest. We find no merit in this contention. The deputy sheriff, Lloyd Schirmer, testified that he observed the appellant driving a vehicle into a parking lot. When the appellant got out of the vehicle it was apparent that he was under the influence of alcohol. Some difficulty arose between the appellant and the other occupants of the vehicle which Schirmer believed might result in a public disturbance. He stated that he would have arrested the appellant but did not want to involve a deputy who was with him because he had not fully recovered from an operation and was on limited duty. He therefore called for assistance.

A patrolman of the Fort Smith Police Department responded to the call. He had not seen appellant drive the vehicle but was told by the deputy sheriff what he had observed. The patrolman testified that it was obvious to him that the appellant was intoxicated and, based on the additional information furnished by Schirmer, arrested him for driving a vehicle while intoxicated.

A.R. Crim. P. Rule 4.1(a)(ii)(C) provides that an officer may make an arrest without a warrant if he has "reasonable cause to believe that the person has committed . . . driving a vehicle while under the influence of any intoxicating liquor or drugs."

Reasonable cause exists where facts and circumstances within the arresting officer's knowledge, and of which he has reasonably trustworthy information, are sufficient within themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested. *Gaylor* v. *State*, 284 Ark. 215, 681 S.W.2d 348 (1984). Here the officer had personal observations sufficient to warrant

his belief that the appellant was intoxicated. He had reasonably trustworthy information from a deputy sheriff that he had observed the appellant operating a motor vehicle in that condition a few minutes earlier. Under the circumstances of this case we cannot conclude that the arresting officer did not have reasonable cause for the arrest without a warrant.

■■ Appellant next contends that the trial court committed prejudicial error in permitting an amendment to the information on the date of trial. We have not been favored with an abstract of the original information, the proffered amendment, or the ruling of the court on appellant's objection. Rules of the Supreme Court and Court of Appeals, Rule 9(d), imposes on the appellant the duty of furnishing the court with such an abridgment of the record as will enable the court to understand the issues presented on appeal. Without an abstract of the proceedings on the motion to amend the information we cannot tell if there was error or, if so, whether it was prejudicial. The court is not required to explore the transcript in search of error and will not do so. References to the transcript contained in argument is not a substitute for a proper record. *Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980).

■ The appellant next contends that the trial court erred in refusing to permit him to argue the issue of a suspended sentence to the jury. Although in most instances the jury may recommend mercy or the imposition of a suspended sentence, its recommendation is advisory only and not binding on the trial court. The trial court alone has the authority in a proper case to impose a suspended sentence. *James* v. *State*, 11 Ark. App. 1, 665 S.W.2d 883 (1984); *Clayton* v. *State*, 247 Ark. 643, 447 S.W.2d 319 (1969). Under the Omnibus DWI Act, however, the sentences and fines are mandatory and even the trial court lacks authority to reduce or suspend them. *Lovell* v. *State*, 283 Ark. 425, 681 S.W.2d 395 (1984). We find no error in the trial court's ruling.

■ The appellant finally contends that the court erred in denying his request to permit the jury to decide whether he had been represented by counsel on each of his prior DWI convictions. During the trial the court considered oral and documentary evidence for the purpose of determining whether the appellant had been represented by counsel on each of the prior convictions

and whether the documentary evidence was otherwise admissible. The trial court found that the appellant had been represented by counsel on all four prior convictions and the certified copies of those convictions were admissible. The appellant insisted that the trial court erred in not submitting the issue of whether he had been represented by counsel to the jury. Prior convictions for the same offense is a material element of felony DWI and must be proved to the satisfaction of the jury. *Peters v. State,* 286 Ark. 421, 692 S.W.2d 243 (1985). The court did submit that evidence to the jury for their consideration in reaching their verdict. We do not agree that the determination of whether the evidence of those convictions was admissible was a question for the jury. Preliminary questions as to the admissibility of evidence are to be determined by the trial court. Unif. R. Evid. 104(a). In *Peters* the court stated that trials for DWI, felony, should be bifurcated and that after a defendant is found guilty of the underlying DWI charge the jury should hear evidence of previous convictions. The court stated that the trial judge will still determine whether the accused was represented by, or entered a valid waiver of, counsel in the previous convictions alleged and will exclude evidence of any conviction not meeting the counsel requirements.

We conclude that the trial court properly decided the question of admissibility of the documentary evidence of prior convictions. In this case the proceedings were not bifurcated as set forth in *Peters.* No objection was made to the absence of bifurcated proceedings and that issue will not be considered for the first time on appeal. *Wing v. State,* 14 Ark. App. 190, 686 S.W.2d 452 (1985); *Young v. State,* 14 Ark. App. 122, 685 S.W.2d 823 (1985).

Affirmed.

COOPER and CLONINGER, JJ., agree.