The Honorable Bobby Norman, Director Commission on Law Enforcement Standards and Training P.O. Box 3106 East Camden, Arkansas
Dear Mr. Norman:
This is in response to your request for an opinion on the following specific question:
 What constitutes probable cause for a warrantless arrest under Act 848 of 1983?
It must be initially noted that this question cannot be definitively answered as posed. Generally, the "totality of the circumstances" test is the appropriate standard to be used in determining whether probable cause exists for a warrantless arrest. Probable cause, or "reasonable cause," "exists where facts and circumstances, within the arresting officer's knowledge and of which he has reasonably trustworthy information, are sufficient within themselves to warrant a man of reasonable caution to believe that an offense has been committed by the person to be arrested." Johnson v. State, 21 Ark. App. 211,213, 730 S.W.2d 517 (1987); see also, Gaylor v. State,284 Ark. 215, 681 S.W.2d 348 (1984); Wright v. State, 17 Ark. App. 24,702 S.W.2d 811 (1986); Roderick v. State, 288 Ark. 360,702 S.W.2d 433 (1986); Mock v. State, 20 Ark. App. 72, 783 S.W.2d 844
(1987).
In Johnson v. State, supra, the Arkansas Court of Appeals held that the "totality of the circumstances" test is the applicable standard to be applied in determining whether there is probable cause sufficient for a warrantless arrest. Further, a determination of probable cause does not require the quantum of proof sufficient to convict, but "the propriety of arrests [is] to be appraised from the standpoint of a cautious and prudent police officer at the time the arrest is made. Mock, supra, at 77, citing Hines v. State, 289 Ark. 50, 709 S.W.2d 65 (1986).
It is therefore apparent that a determination with respect to probable cause must be made on a case-by-case basis, as the factual circumstances in each situation will vary. All facts must be considered in assessing the propriety of a warrantless arrest.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.