Bobby Gene HOLT *v.* STATE of Arkansas

CR 89-140                                    778 S.W.2d 928

Supreme Court of Arkansas
Opinion delivered October 30, 1989

*William J. Velek,* for appellant.

*Steve Clark,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y

Gen., for appellee.

TOM GLAZE, Justice. This appeal is from the appellant's conviction of driving while intoxicated, fourth offense. Appellant received the minimum sentence provided by law. He raises six points for reversal in this appeal, but appellant insists in his brief and oral argument that his request is limited to reversing and dismissing the state's case.[1] If this court's review should result in a reversal and remand of the case, appellant requests that we affirm rather than return the case for retrial. Appellant concedes, for these purposes, that the state possesses sufficient evidence to prove the DWI, fourth offense if the case is retried.

Obviously, appellant wishes to hedge or restrict his appeal to two possibilities: dismissing his conviction or alternatively retaining his minimum sentence previously imposed. We are unable to accommodate such a conditional appeal. As provided in A.R.Cr.P. Rule 36.25, a conviction shall be reversed and a new trial ordered where we find that the conviction is contrary to the Constitution, the laws of Arkansas or for any reason determine that the appellant did not have a fair trial. Where appropriate, we reverse the conviction and order the appellant discharged. Our review of the issues raised in this appeal reflect only one which has merit, and that issue, mentioned below, would require a retrial.

■ We are unaware of any rule or precedent that would permit this court to affirm a conviction when our review actually mandates a reversal and remand of the matter. To adopt such a rule, we believe, would be improper and an abdication of this court's clear duty. In addition, we are convinced that if the court provided for such conditional or limited appeals, an abuse of the appellate process undoubtedly would result. In criminal cases, this would especially be true since the state rarely is the appellant and the defendant, who is convicted, would be placed in a position of appealing regardless of whether he or she had a meritorious

---

. [1] The dissent strangely alludes to members of the court in oral argument questioning appellant's counsel on his unusual request in his written brief that he wanted the court to affirm even though it might find error which would require reversal and a retrial. The dissent's apparent suggestion is that the court should not ask questions that pertain to requests or arguments contained in the parties' briefs. To accept such a suggestion would be strange indeed. Thus, we reject that idea.

point for reversal since the defendant would have nothing to lose by doing so. In sum, because the appellant requests this court to affirm this case unless the court can say it can be dismissed, we will not address his arguments on appeal and must affirm the trial court.

While we are unable to reach the issues in this appeal on the conditions set by appellant, we are obliged to point out that the state in this matter has requested that we reconsider our decision in *Peters* v. *State*, 286 Ark. 421, 692 S.W.2d 243 (1985). The state also cites our recent holding in *Prichard* v. *State*, 300 Ark. 10, 775 S.W.2d 898 (1989), and suggests it conflicts with the holding in *Peters*. The state argues that, in view of these two decisions, there is a conflict between the manner in which prior convictions are handled in controlled substances and DWI cases. The narrow issue is whether the prior convictions in these type cases should be determined by the trial court or the jury. While we recognize the state raises a viable issue, we are unable to address it here because of the manner in which this case was presented and disposed of on appeal. Consequently, we must defer addressing and deciding this important issue to a future case when it can be fully presented and argued.

For the reasons given above, we affirm.

NEWBERN, J., concurs. PURTLE, J., dissents.

DAVID NEWBERN, Justice, concurring. The result reached is correct. I write only to point out that I am willing to accommodate this sort of conditional appeal, and I disagree with the general statement that we cannot do so. As the court's opinion points out, the appellant's brief sought reversal only in the event it could be accompanied by dismissal of the case. To me it is as if the appellant had argued only the point which would require dismissal. As, in my view, he does not prevail on that point, affirmance is proper, and I see no need to make a general pronouncement about conditional appeals.

JOHN I. PURTLE, Justice, dissenting. The unusual harshness of the majority opinion will not be realized for some time — perhaps years — unless this court recognizes its error sooner than I expect. The appellate courts in Arkansas seem to be steadily progressing toward a goal of making the practice of law more

technical and treacherous. The cost of malpractice has already exceeded reasonable expectations and most likely will further increase as a result of this decision.

Everything in the abstracts and briefs in this case indicates that the appellant has argued the six points for reversal in the utmost good faith. However, during oral argument, under skilled questioning by members of this court, the appellant's attorney frankly admitted that if the case were not reversed and dismissed, he hoped we would affirm. This same thought was contained in the brief. Since the appellant received the minimum sentence for a fourth DWI conviction, he did not want to chance a second trial. I see nothing wrong with such reasoning, either ethically or legally.

The majority opinion appears to be based upon only one of several arguments by the appellant. It seems to penalize the appellant and his counsel for remarks in the brief and responses to questions asked during oral argument. Perhaps the majority is attempting to hold that the case ought to be reversed; but instead, in order to teach this attorney and other lawyers a lesson, the appeal will be dismissed because counsel for the appellant guessed wrong on one of the many questions propounded in the heat of the battle and in his argument in his brief. He no doubt was unprepared for such unusual questioning and could not forsee the consequences of his candid response.

No conditional appeal was lodged in this case, and I see no reason why we should refuse to reach the merits of the arguments. The Attorney General evidently did not see any procedural defect in the appellant's presentation because he met all six arguments directly and further sought to have us overrule a prior decision.

The fact that the state possesses evidence sufficient to obtain a conviction is not tantamount to a conviction. There is more to it than that. The presentation of the evidence at trial may not warrant a conviction. There must be a forum for the presentation of the state's and the defendant's evidence. Trial by jury is still an unalienable right of one accused of a crime. Appellate courts necessarily review trial proceedings — otherwise, what purpose do they serve? Criminal laws are not enacted to shield criminals; rather they are designed to safeguard the innocent. Therefore, in order to guarantee the protection of the innocent, we must follow

due process of law. Were we to fail in this responsibility, the innocent will fall victim to criminal enactments and constitutional provisions intended for their benefit.

Instead of improvising a new method of sanction for those who claim their legal and constitutional rights to appeal their convictions, it would be far better to affirm on the merits. Litigants and lawyers are entitled to be treated fairly and equally and to have their legal problems considered on the merits. Judges may sometimes find it neither convenient nor pleasant to fulfill this duty, but nothing less is acceptable.