Walker HAGAR, Jr. *v.* CITY OF FORT SMITH

CR 93-1266                                        877 S.W.2d 908

Supreme Court of Arkansas
Opinion delivered May 31, 1994

*Robert S. Blatt* and *Timothy C. Sharum*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Walker Hagar, Jr., appeals a judgment of the Sebastian Circuit Court convicting him of Driving While Intoxicated, Second Offense. The judgment sentenced appellant to pay a $750.00 fine, costs of $321.25, and to serve a sentence of fourteen days in the city jail. The judgment also ordered that appellant's driver's license be suspended for one year and that appellant attend an approved alcohol education or treatment program before his license could be reinstated. The court of appeals granted appellee's motion to certify this

case to us because it requires interpretation of Ark. Code Ann. § 5-65-111(b) (Repl. 1993). Ark. Sup. Ct. R. 1-2(a)(3), (d). We hold the judgment of conviction for DWI, Second Offense is barred by former jeopardy principles.

Appellant was first tried in Fort Smith Municipal Court and found guilty of DWI, First Offense. He appealed the DWI, First Offense conviction to Sebastian Circuit Court. Prior to trial in circuit court, appellant filed a motion requesting the court to order that nothing other than DWI, First Offense be tried. At a pre-trial hearing on the motion, the parties stipulated to the following facts: appellant was issued a citation for DWI, Second Offense; appellant was tried for the DWI, Second Offense in Fort Smith Municipal Court and found guilty of DWI, First Offense; during the trial in municipal court for DWI, Second Offense, there was no evidence presented of a prior conviction for DWI. Based on these stipulated facts, the trial court denied appellant's motion, ruling that the appeal in circuit court would be a trial *de novo* and would therefore not violate appellant's double jeopardy rights. We find error in this ruling.

The Sebastian Circuit Court jury found appellant guilty of DWI, Second Offense in a bifurcated trial. During the sentencing phase and over appellant's objection, the prosecution admitted evidence that appellant had previously been convicted of DWI. Consequently, the jury recommended a sentence consistent with DWI, Second Offense. *See* Ark. Code Ann. § 5-65-111(b)(1) (Repl. 1993). Appellant appeals to this court arguing he has twice been placed in jeopardy on the charge of DWI, Second Offense contrary to the Fifth Amendment to the United States Constitution and to Article 2, Section 8 of the Arkansas Constitution. Specifically, appellant contends the finding of guilt of DWI, First Offense in municipal court operates as an implied acquittal on the charge of DWI, Second Offense, and therefore the trial in circuit court on the DWI, Second Offense charge was barred by former jeopardy principles.

Appellee concedes that if DWI, First Offense is a lesser included offense of DWI, Second Offense, then the implied acquittal of DWI, Second Offense in municipal court and former jeopardy considerations bar the circuit court proceedings on the DWI, Second Offense. However, appellee contends that DWI, Second

Offense and DWI, First Offense do not have the relationship of greater offense and lesser included offense and asks us to overrule *Peters* v. *State*, 286 Ark. 421, 692 S.W.2d 243 (1985), which holds to the contrary. Appellee contends that the distinction between the two offenses is only one of punishment, providing for enhanced sentencing. As jeopardy considerations do not apply to non-capital punishment proceedings, the appellee contends appellant's judgment of guilt for DWI, Second Offense in circuit court did not violate appellant's jeopardy rights.

■ A determination of guilt in an inferior court on a lesser included offense operates as an implied acquittal of the greater offense barring any further proceedings on the greater offense that place the defendant's life or liberty in jeopardy, including an appeal to circuit court for a *de novo* review. *Strickbine* v. *State*, 201 Ark. 1031, 148 S.W.2d 180 (1941). This principle holds true even though a defendant appeals the lesser-included offense to circuit court for a *de novo* review because the freedom from double jeopardy must be protected while a defendant exercises his right to appeal the conviction of the lesser included offense. *See Green* v. *United States*, 355 U.S. 184 (1957). It is also true that except for trial-like capital sentencing procedures, former jeopardy principles do not apply to criminal sentencing proceedings. *See Caspari* v. *Bohlen*, ___ U.S. ___, 114 S. Ct. 948 (1994); *see also United States* v. *DiFranceso*, 449 U.S. 117 (1980). Thus, the sole issue we must determine in this appeal is whether DWI, First Offense is a lesser included offense of DWI, Second Offense. This court has previously answered this question in the affirmative when it said that the existence of three prior convictions constitutes an element of DWI, Fourth Offense. *Peters*, 286 Ark. 421, 692 S.W.2d 243.

■ We affirm the holding in *Peters* and apply it to the instant case. The prosecution must prove a prior conviction for DWI as an element of the offense of DWI, Second Offense. The prior DWI conviction must be given the status of an element of a subsequent DWI offense because eventually, upon the fourth DWI conviction, the crime charged will change from a misdemeanor to a felony. As stated in *Peters*, the proof of the prior DWI conviction or convictions must come in the punishment phase of a bifurcated trial to protect a defendant from possible prejudice during the guilt phase. Bifurcated proceedings also

ensure the protection of a defendant's right to counsel in the prior convictions.

■     Appellant's liberty was twice placed in jeopardy on the charge of DWI, Second Offense. Therefore, we must reverse and dismiss the judgment of conviction for DWI, Second Offense. This will not preclude the circuit court from reviewing the DWI, First Offense of which the appellant was convicted in municipal court.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. I believe the state is correct in the contention that we erred in *Peters* v. *State*, 286 Ark. 421, 692 S.W.2d 243 (1985), in declaring that in DWI cases, prior convictions are necessary elements of subsequent convictions under Ark. Code Ann. § 5-65-111 (Repl. 1993). Certainly nothing in the wording of the statute suggests that treatment of the offenses, nor did we offer any explanation for that assertion in *Peters*, we simply declared it.

Other courts have dealt more sensibly with the treatment of prior convictions for purposes of increased punishment: *See People* v. *Mellor*, 5 N.W.2d 455 (S.C. Mich. 1942) ("the prior [DWI] offense is not an element of the instant offense. It merely applies to punishment after convictions."); *Ohio* v. *Cichy*, 480 N.E.2d 90 (C.A. Ohio 1984)("The prior [DWI] conviction, therefore, is not a necessary element of the offense with which appellant was charged."); *People* v. *Eason*, 458 N.W.2d 17 (S.C. Mich. 1990); *Beard* v. *State*, 140 A.2d 672 (C.A. Md. 1958):

> Cases in other jurisdictions agree with [*Maguire* v. *State*, 47 Md. 485] in holding that the prior offense is not an element of the current offense. *See Barr* v. *State*. 205 Ind. 481, 187 N.E. 259; *Wright* v. *People*, 116 Colo. 306, 181 P.2d 447; *Elliott* v. *Commonwealth*, 290 Ky. 502, 162 S.W.2d 633; *People* v. *Mellor*, 302 Mich. 537, 5 N.W.2d 455; *State* v. *Domanski*, 9 Wash.2d 519, 115 P.2d 729; *McCarren* v. *United States*, 7 Cir., 1925, 8 F.2d 113.

I would affirm.