58

Kevin KELLEHER *v.* CITY OF RUSSELLVILLE

CA CR 94-72                                             891 S.W.2d 802

Court of Appeals of Arkansas
En Banc
Opinion delivered December 21, 1994
[Rehearing denied January 18, 1995.*]

*Cooper and Mayfield, JJ., would grant rehearing.

*Jonathan P. Shermer Jr.,* for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. On June 8, 1993, appellant Kevin Kelleher was convicted of resisting arrest and driving on a suspended driver's license. He was sentenced to two weeks and two days, respectively, in the Pope County Jail. Appellant contends on appeal that the trial court erred in bifurcating the guilt and punishment stages of the trial proceedings on these charges. We find no error and affirm.

Appellant was tried before a jury on the charges of DWI second offense, resisting arrest, and driving on a suspended driver's license. During discussions with counsel concerning the jury instructions, the court made it known that the jury deliberations would be bifurcated, i.e., the jury would first be instructed to determine guilt or innocence on each of the three charges, and after the jury rendered a verdict on guilt or innocence the court would further instruct them to decide upon a sentence on each offense for which the jury had returned a guilty verdict. Appellant's counsel argued against the court bifurcating the proceedings. Appellant argued that the trial court should allow the jury to decide the guilt and sentence on the charges of resisting arrest and driving on a suspended driver's license at the same time the jury decided guilt or innocence on the DWI. Consequently, appellant's previous DWI conviction would not be disclosed to the jury until only sentencing for the DWI conviction remained. Counsel's argument was stated as follows:

> Defense Counsel: I think it would be prejudicial because if they found him guilty of the DWI and then came back they might increase the punishment on the other two offenses whereas if they go out now then they might find him guilty or they might find him not guilty of the DWI as an option and go ahead and find him guilty of resisting arrest and on the other charge.

\* \* \*

I think that will be prejudicial, Your Honor, because I think it puts the Jury — it — if they find him guilty of the DWI, then they are going to increase the punishment on the other two. . . .

\* \* \*

They might just because they want to throw the book at him. I think they ought to be able to find guilty or not guilty of the DWI on the first and then go ahead and decide the sentence and the guilt on the other two.

The trial court rejected appellant's argument and bifurcated the proceedings on all of the charges, reserving sentencing on all charges for the second phase of the proceedings. The jury dead-locked on the charge of DWI, which resulted in a mistrial on this charge, but found him guilty on the charges of resisting arrest and driving on a suspended license.

■ Appellant's concern revolved around the possibility that he could be prejudiced during the sentencing phase for DWI 2nd because the jury might sentence him to more time on the other two misdemeanor charges after the jury learned of appellant's prior DWI conviction. This simply did not occur. Therefore, appellant's specific argument before the trial court became moot at that point. The argument appellant raises now on appeal is not the same specific argument he raised before the trial court. He now argues that bifurcation was error because there is simply no authority for a circuit judge to bifurcate misdemeanor charges.

■ The supreme court in *Peters* v. *State*, 286 Ark. 421, 692 S.W.2d 243 (1985), held that in felony DWI cases the proceeding should be bifurcated, separating the guilt or innocence stage from the sentencing stage. The supreme court held that this procedure protects the defendant from prejudice by preventing the jury from considering the prior convictions during their initial determination of guilt or innocence. *See also, Heard* v. *State*, 272 Ark. 140, 612 S.W.2d 312 (1981). We believe the same rationale would apply to protect a defendant from possible prejudice in a DWI 2nd trial.

■■ Appellant alleges that he was somehow prejudiced by the court bifurcating the two misdemeanor charges along with the DWI 2nd charge. However, appellant fails to support his con-

tention with any convincing argument or authority. We do not consider assignments of error which are unsupported by convincing argument or citation to proper authority. *Womack* v. *State*, 36 Ark. App. 133, 819 S.W.2d 306 (1991). Appellant is simply speculating that he was prejudiced somehow by the bifurcated proceedings. When error is alleged, prejudice must be shown because we do not reverse for harmless error. *Tallant* v. *State*, 42 Ark. App. 150, 856 S.W.2d 24 (1993). We cannot presume some impropriety on the bare allegation that the procedure was unusual. *See Hines* v. *State*, 289 Ark. 50, 709 S.W.2d 65 (1986). Because the appellant was not found guilty of DWI in the first stage, and therefore the fact of his earlier DWI was not made known to the jury during the sentencing phase on the other two misdemeanors, there could have been no prejudice to appellant.

Appellant also alleges that the city attorney was allowed to make an additional argument between the two phases. However, appellant failed to abstract any such argument, and failure to abstract precludes review of any such error. Rules of Supreme Court and Court of Appeals 4-2(6). Appellant was sentenced to only a minimal time in jail for the two violations. Because the appellant was not found guilty of DWI, we conclude that appellant was not prejudiced in any way as a result of the bifurcated proceeding.

Affirmed.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I would reverse the appellant's convictions for resisting arrest and driving on a suspended driver's license and remand for a new trial on those charges.

The majority opinion concedes that the appellant objected to the trial court's bifurcation of the guilt and punishment phases of the trial on these charges. Moreover, the majority opinion does not contend that there is any legislative statute or judicial rule which authorizes such procedure.

To justify the procedure used in this case the majority opinion points out that our supreme court held in *Peters* v. *State*, 286 Ark. 421, 692 S.W.2d 243 (1985), that the trials of felony DWI cases should be bifurcated into guilt and punishment phases so

that the jury would not know of previous DWI convictions before determining the guilt issue in the case being tried. Therefore, the majority opinion says, "We believe the same rationale would apply to protect a defendant from possible prejudice in a DWI 2nd trial." This, however, does not answer the argument made by the appellant in this appeal. On pages 32-33 of appellant's brief he states:

> At the time Appellant was tried for the misdemeanor charges of resisting arrest and driving on suspended driver's license, both misdemeanors, the proper procedure would have been for the Court to instruct the jury to find guilt or innocence and fix punishment the first time they retired to deliberate. This is exactly what Appellant requested.

Turning to appellant's abstract, at page 14 of his brief, I find where he told the trial court:

> Now I think it would be inappropriate to give them just a guilty or not guilty on the DWI; but on the other two, they are not bifurcated so they should already have the benefit of knowing what the punishment is and they should decide guilt or innocence and the punishment for the two offenses that aren't DWI's. I don't think you can bifurcate the other two offenses.

It therefore seems clear to me that the appellant raised the same question in the trial court that he argues on appeal, but the majority opinion says the argument on appeal "is not the same specific argument he raised before the trial court." The majority opinion does not contend that the appellant did not use the words I have quoted above; the majority opinion deals with what it views as the appellant's "concern." It states that "appellant's concern revolved around the possibility that he could be prejudiced during the sentencing phase for DWI 2d because the jury might sentence him to more time on the other two misdemeanor charges after the jury learned of appellant's prior DWI conviction."

It is true that the appellant did tell the trial court that this was a way in which he could be prejudiced by the bifurcation of his trial on the charges of resisting arrest and driving on a suspended driver's license. However, he also told the trial judge that "I don't think you can bifurcate the other two offenses. I just

don't think the law allows for it." Furthermore, as it turned out, the procedure used by the trial court — unauthorized by statute or rule and over appellant's objection — resulted in the opportunity for those jurors who wanted to find him guilty of DWI to vote for more punishment for the other two offenses than they would have if he had been found guilty of DWI.

The scenario that appellant described to the trial judge was only slightly different than the one actually played out. The majority opinion thinks the appellant "is simply speculating that he was prejudiced" by the bifurcated proceedings but faults him for not speculating correctly about the exact scenario that could cause him prejudice. Also, the majority opinion says that the $500 fine and two weeks in jail fixed by the jury were "minimal." Apparently the appellant — who must pay the fine and serve the time — regards the sentence so harsh that he has appealed. And while I have no way to scientifically measure the prejudice to appellant, it is difficult for me to believe that those jurors who wanted to convict appellant for DWI were completely able to fix his punishment for the other two offenses without giving some thought to the fact that he was not getting any punishment for the DWI of which they thought he was guilty.

The state's brief in this case recognizes that *Holt* v. *State*, 300 Ark. 300, 778 S.W.2d 928 (1989), stated that in an appropriate case it would decide whether its decision in *Peters* v. *State, supra,* was sound. But regardless of whether that decision was sound, the appellant in the present case is not complaining of the bifurcation of the DWI charge. The appellant in this case contends that it was error to bifurcate his trial on the other two charges. Although the majority opinion suggests that the procedure used by the trial judge protected appellant from "possible prejudice," I do not think this was factually true in this case and do not think we should approve the trial court's use of an unauthorized procedure to submit, over appellant's objection, his case to the jury.

I am authorized to state that Judge Cooper joins in this dissent.