The Honorable Marion A. Humphrey Circuit Judge, Sixth Judicial District, First Division 401 West Markham, Room 420 Little Rock, Arkansas 72201
Dear Judge Humphrey:
This official Attorney General opinion is rendered in response to a question you have raised concerning mandatory sentencing under the Omnibus DWI Act of 1983 (A.C.A. § 5-65-101 et seq.). You have asked:
 Can electronic monitoring be used in lieu of a mandatory prison sentence for a criminal defendant convicted of a fourth violation of the Omnibus DWI Act of 1983?
It is my opinion that electronic monitoring cannot be used in lieu of a mandatory prison sentence for a criminal defendant convicted of a fourth violation of the Omnibus DWI Act of 1983.
The prison sentences prescribed under the Omnibus DWI Act for multiple offenders under the Act are mandatory. See State v. Freeman,312 Ark. 34, 846 S.W.2d 660 (1993); Wright v. State, 17 Ark. App. 24,702 S.W.2d 811 (1986); Lovell v. State, 283 Ark. 425, 681 S.W.2d 395
(1984). The Arkansas Supreme Court and Court of Appeals have held that alternative or suspended sentences cannot be imposed in lieu of the prescribed mandatory sentences under the Omnibus DWI Act. Id. Seealso Ops. Att'y Gen. Nos. 91-446; 91-080; 89-317; 86-17.
Although the courts have not considered the question of whether electronic monitoring can be imposed in lieu of imprisonment, it is my opinion that, if faced with the question, the courts would likely conclude, upon the basis of their previous reasoning concerning suspended sentences, that electronic monitoring cannot be used as an alternative to imprisonment.
In Lovell, supra, for example, the court reasoned that although a statute did authorize the suspension of a sentence, the Omnibus DWI Act's mandatory sentencing provisions were more specific than the statute authorizing suspension, and thus took precedence over the more general suspension statute.
In the same way, the DWI Act's mandatory sentencing provisions are more specific that the provisions of the more general statutes authorizing electronic monitoring as an alternative sentence (See, e.g., A.C.A. §16-93-708 and -1206). It is well-established that where a general statute and a specific statute address the same subject, the specific one should take precedence. See, e.g., City of Ft. Smith v. Tate, 311 Ark. 405,844 S.W.2d 356 (1993); Sunbelt Courier v. McCartney, 31 Ark. App. 8,786 S.W.2d 121 (1990), aff'd 303 Ark. 522, 798 S.W.2d 92 (1990); Thomas v.Easley, 277 Ark. 222, 640 S.W.2d 797 (1982).
Because the mandatory sentencing provisions of the Omnibus DWI Act are more specific than the statutes that generally authorize the use of electronic monitoring as a sentencing alternative, I must conclude that the provisions of the Omnibus DWI Act must take precedence, and that therefore, electronic monitoring is not a sentencing option for multiple DWI offenders.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh