George Henry THORNE *v.* STATE of Arkansas

CR 81-65                                   622 S.W. 2d 178

Supreme Court of Arkansas
Opinion delivered October 12, 1981
[Rehearing denied November 9, 1981.]

*Lessenberry & Carpenter,* by: *Thomas M. Carpenter,* for appellant.

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant was convicted of aggravated robbery and sentenced to life imprisonment as an habitual offender in violation of Ark. Stat. Ann. §§ 41-1001, 2102 (Repl. 1977). We find no merit to the arguments raised on appeal.

On September 5, 1978, a diamond ring valued at $500.00 was stolen from Wirt's Jewelry Store in North Little Rock by a man later identified as the appellant. Appellant and Bobby Gene Long had gone to the shopping center where Wirt's was located and appellant entered the store. He examined a diamond ring and discussed the price and terms with the sales clerk, Roy Doug House. Appellant left to shop elsewhere but said he would return. At about 2 o'clock that afternoon appellant came in again and asked to look at the ring outside in natural light. When he returned the clerk noticed the diamond ring had been replaced with an imitation. He confronted appellant who suggested he might have dropped the ring outside. The two went to look and when appellant ran Mr. House gave chase. Appellant drew a pistol, which he dropped and then retrieved, and got into the car driven by Long. An alert observer of these events, Randy Holland, followed the vehicle to Long's residence and returned to report his information to the police. Appellant was arrested at his residence about 2:30 p.m. and was identified by several eyewitnesses from a photograph taken at the time of his arrest. At trial four witnesses, including Long, positively identified appellant as the robber.

Appellant first argues that the photograph was obtained from an illegal arrest and the trial court erred in not suppressing the in-court identification of appellant.

We believe the circumstances of this case would justify a warrantless arrest based upon exigent circumstances, recognized in *Payton* v. *New York,* 445 U.S. 573 (1980), or upon the "fresh pursuit" exception as defined in Ark. Stat. Ann. § 43-502 (Repl. 1977). In any event, the appellant has not shown the arrest in this instance was not based upon

"reasonable cause" under Rule 4.1 (a) (i) of the Arkansas Rules of Criminal Procedure. See also *Sanders* v. *State,* 259 Ark. 329, 532 S.W. 2d 752 (1976). As appellee points out, on appeal the legality of an arrest is presumed and the burden of establishing illegality is on the appellant. *Brewer* v. *State,* 271 Ark. 810, 611 S.W. 2d 179 (1981); *Sanders* v. *State, supra.*

Even if it could be said the warrantless arrest was without reasonable cause or not within the fresh pursuit or exigent circumstances exceptions, suppression of the in-court identification is not warranted in light of *United States* v. *Crews,* 445 U.S. 463, 100 S. Ct. 1244, 63 L. Ed. 2d 537 (1980). In *Crews,* the defendant's photograph was taken by the police pursuant to an admittedly illegal arrest. After the defendant's release this photograph was used by the police and shown to three victims who identified him as their assailant. The trial court found the victims' ability to identify the defendant in court was based upon independent recollection "untainted by the intervening identifications" and therefore such testimony was admissible. *Crews,* at 468.

Appellant contends that *Crews* is distinguishable in that the police had no such means of identifying appellant at the time of his arrest as were present in *Crews.* But this assertion is not borne out by the record and is not relevant to the issue. At trial three eyewitnesses identified the appellant based on their observations of the events at the store. Also, appellant's companion, Bobby Gene Long, as a witness for the State, testified that he drove appellant to the jewelry store that morning and again in the afternoon and waited in the car. The language of the United States Supreme Court in *Crews* is relevant:

> Nor did the illegal arrest infect the victim's ability to give accurate identification testimony. Based upon her observations at the time of the robbery, the victim constructed a mental image of her assailant. At trial, she retrieved this mnemonic representation, compared it to the figure of the defendant, and positively identified him as the robber. *No part of this process was affected by respondent's illegal arrest.* In the language of the "time-worn metaphor" of the poisonous tree,

*Harrison* v. *United States,* 392 U.S. 219, 222, -20 L. Ed. 2d 1047, 88 S. Ct. 2008 (1968), the toxin in this case was injected only after the evidentiary bud had blossomed; the fruit served at the trial was not poisoned. (Emphasis added.) 445 U.S. at 472, 63 L. Ed. 2d at 546.

At issue is not whether the police had the means of appellant's identification at the time of his arrest but whether the witnesses' ability to identify him at trial was based upon independent recollection untainted by the intervening photographic identification. The circumstances here fully support the conclusion that these witnesses had an adequate opportunity to observe the appellant under such conditions as to render their in-court identification reliable. In *Wright* v. *State,* 258 Ark. 651, 528 S.W. 2d 905 (1975), we cited *United States* v. *Wade,* 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967), for the criteria to be used in determining whether an in-court identification is based on independent observation or, rather, is based on line-up or photographic identification:

> . . . the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. 388 U.S. at 241, 18 L. Ed. 2d at 1165.

Secondly, appellant contends that the trial court erred in not instructing the jury that Bobby Gene Long was an accomplice as a matter of law. The court did submit that issue to the jury by the appropriate AMCI instruction and its refusal to give a binding instruction on that issue was correct in light of Long's testimony that he had no knowledge of the scheme. See *Odom* v. *State,* 259 Ark. 429, 533 S.W. 2d 514 (1976); *Russey* v. *State,* 257 Ark. 570, 519 S.W. 2d 751 (1975). Besides, even if Long's status as an accomplice was undisputed, there was ample testimony from other witnesses implicating the appellant.

Affirmed.