# Tommy Elliott FREEMAN *v.* STATE of Arkansas

CA CR 82-55                                        640 S.W.2d 456

Court of Appeals of Arkansas
Opinion delivered October 13, 1982
[Rehearing denied November 10, 1982.]

*James E. Smedley,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant, Tommy Elliott Freeman, was found guilty by jury verdict of aggravated robbery, a violation of Ark. Stat. Ann. § 41-2102 (Repl. 1979), and sentenced to ten years imprisonment.

For reversal appellant contends that his in-court identification by the state's witnesses was the result of an illegal and suggestive lineup while appellant was under illegal arrest. Appellant argues that there was no probable cause for his warrantless arrest and that his identification by the state's witnesses should have been suppressed.

We find no reversible error.

The charge against appellant stems from an armed robbery of the Southwest Branch of the First National Bank of Little Rock shortly after 11:00 a.m. on February 25, 1981. The evidence showed that three young black males wearing ski masks robbed the bank and fled in an automobile. The robbers were seen abandoning their automobile on a parking lot near the bank when a packet planted in the stolen

money exploded and released tear gas. One of the robbers ran to the edge of witness John Dunn's yard adjacent to the parking lot, and at trial Mr. Dunn positively identified appellant as the person who ran by his yard. Hidden cameras in the bank photographed the robbers in the act of committing the robbery.

Appellant argues that Dunn's in-court identification was tainted by an impermissibly suggestive lineup conducted on March 9, 1981, four days after appellant's arrest. The police officer who conducted the lineup told Dunn that a suspect was in the lineup, and after Dunn had viewed the six persons in the lineup Dunn said, "Is Number 3 your suspect?" and the officer replied, "Yes."

If there are suggestive elements in the identification procedure that make it all but inevitable that the witness will identify one person as the criminal, then the procedure is so undermined it violates due process of law. *Foster v. California*, 394 U.S. 440 (1969); *James and Elliott v. State*, 270 Ark. 596, 605 S.W.2d 448 (1980). The state had the burden of establishing by clear and convincing evidence that, in the absence of counsel, the courtroom identification was based upon independent observation rather than upon a constitutionally infirm lineup procedure. *Rowe v. State*, 271 Ark. 20, 607 S.W.2d 657 (1980).

In *Foster v. California, supra,* the accused, who was close to six feet tall, stood out from the other two men in the lineup who were no more than five feet, six inches tall. Definite identification by the only eyewitness occurred only after a second lineup consisting of five men was held a week or ten days later, at which lineup the accused was the only person who had also appeared in the first lineup. The Court held that the identification procedure made it all but inevitable that the witness would identify the accused whether or not he was in fact the right person.

In the trial of the instant case no mention was made of the lineup in the direct examination of Mr. Dunn. His lineup identification, as was the case in *Rowe v. State, supra,* was brought to the attention of the jury on cross-examina-

tion. In this case, as in *Rowe,* the courtroom identification of appellant by Mr. Dunn was positive and unequivocal. Whether the identification was correct was a question for the jury to determine.

There was no element of undue suggestiveness present when the total circumstances of the lineup are considered. In *U.S.* v. *Gambril,* 449 F.2d 1148 (D.C. Cir. 1971) the Court indicated that telling a witness that a suspect is in the lineup is not absolutely impermissible. The Court recognized that the witness realizes that he would not be asked to view a lineup if a suspect were not present; what the witness is told may be only one factor to consider in reviewing the total surrounding circumstances. The logic employed by the Court in *Gambril* is persuasive, and we consider what the witness in this case was told as only one factor in the total circumstances.

Mr. Dunn testified that he had selected appellant as the person he had seen prior to saying anything to the police officer, and he also stated that his selection would have been the same regardless of what the officer said. The lineup was not impermissibly suggestive, and it certainly was not "all but inevitable" that Dunn would identify any person in the lineup as the person he had seen before.

Appellant contends that the in-court identification of appellant by Dunn and three bank tellers should be suppressed on the grounds that all of the identifications were the result of an illegal arrest. We find sufficient evidence in the record to support a finding that there were reasonable grounds for the arrest of appellant without a warrant. Arkansas Rules of Criminal Procedure, Rule 4.1 (a) (I) provides that a law enforcement officer may arrest a person without a warrant if the officer has a reasonable cause to believe that such person has committed a felony. The police knew that appellant's automobile had been used as the getaway car: the automobile was observed at the time it was abandoned by the robbers; and evidence of the robbery as well as papers identifying appellant as the owner were found in the automobile. The police had a general description of appellant furnished by Dunn and three bank tellers, and the

hidden camera photographs of the robbers had been viewed by all the witnesses.

On appeal, the legality of an arrest is presumed and the burden of establishing illegality is on the appellant. *Thorne v. State,* 274 Ark. 102, 622 S.W.2d 178 (1981). In *Bailey v. State,* 238 Ark. 210, 381 S.W.2d 467 (1964), the Arkansas Supreme Court ruled evidence admissible which was obtained after appellant's arrest without a warrant. The court stated that " . . . After finding Bailey's identification folder at the scene of the crime, there were certainly grounds to form the belief that he had committed the act." In the case of *Ellingburg v. State,* 254 Ark. 199, 492 S.W.2d 904 (1973), appellant had been convicted of larceny in the taking of a television set. The police, after establishing the fact that the crime had been committed, arrested appellant without a warrant after coming into possession of a pawn ticket representing the television set issued to appellant. In affirming appellant's conviction, the court found the arrest legal, and observed that "information coming to officers must rise above mere suspicion of criminal activity in order to constitute probable cause for arrest, but it need not be tantamount to that degree of proof sufficient to sustain a conviction."

The record indicates that at the time of the lineup one of the bank tellers, Pat Burns, requested that the person in the lineup repeat the words which one of the robbers spoke to her at the time of the robbery, and at trial Mrs. Burns testified that she identified appellant by his voice. Appellant cites no authority to support his charge that the voice identification was suggestive, and he argues only that it was improper because the in-court identification was the product of the lineup and not her recollection of events that transpired during the robbery. Inasmuch as we hold that the lineup was not tainted by an illegal arrest, the voice identification was proper. There has, in fact, been no allegation that the lineups viewed by the bank tellers were unfair, other than the charge that they were tainted by an illegal arrest.

We find no reversible error and we affirm.

GLAZE and COOPER, JJ., dissent.