Roy Lee RUSSELL *v.* STATE of Arkansas

CA CR 86-10                                    709 S.W.2d 825

Court of Appeals of Arkansas
Division I
Opinion delivered May 28, 1986

*John L. Kearney*, for appellant.

· *Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Judge. This case comes from the Circuit Court of Desha County. Appellant was convicted of selling marijuana and was sentenced to four years in the Arkansas Department of Corrections. We affirm.

Appellant raises one point for reversal. Appellant argues that the trial court erred in allowing police officers to relate what he alleges is a hearsay conversation between appellant and a confidential informant who was not made available for trial. Appellant asserts that this conversation was inadmissible as hearsay.

The conversation in question was related by Officer Johnson as follows: "The confidential informant went into the residence and stated to Mr. Roy Lee Russell that he wanted to purchase some weed from him. Mr. Russell stated well he's got some he'll be right back in a minute . . ."

Unif. R. Evid. 801(c), Ark. Stat. Ann. § 28-1001 (Repl. 1979), defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The statement made by appellant, which was overheard by the policemen through the body mike, was an admission of a party-

opponent under Unif. R. Evid. 801(d)(2). Therefore, this statement was admissible.

■ The statements made by appellant did not make sense unless they are put into context with the statements made by the informant. The informant's statement that he wanted to buy some weed is not offered for the truth of the matter asserted, i.e., that the informant actually wanted to buy marijuana, but is offered to explain and put into context appellant's statement that he had some and would go and get it. Therefore, the informant's statements are not hearsay under the definition of Rule 801(c). Where evidence shows its effect on the listener and is not offered to prove the truth of the matter stated, such evidence is not hearsay and is admissible. *Hall* v. *State*, 286 Ark. 52, 689 S.W.2d 524 (1985).

■ Appellant argues in his brief that he had no duty to call the confidential informant as a witness and in fact had no beneficial use of the confidential informant as a witness. But, appellant asserts, the state is not thereby allowed to use "hearsay testimony of the unavailable confidential informant to bolster its case." However, the fact that the confidential informant did not testify at trial does not have any effect on the characterization of these statements nor on our analysis of appellant's argument that the testimony was inadmissible as hearsay. If the informant had testified to the conversation, the statements made by appellant would still be admissible as an admission by a party-opponent. The statements made by the informant would still be admissible because they are not offered to prove the truth of the matter asserted.

For the reasons stated above we find no merit in appellant's argument for reversal. Therefore, we affirm the lower court's ruling.

Affirmed.

GLAZE, J., and WRIGHT, Special Judge, agree.