Mark Allen MOCK *v.* STATE of Arkansas

CA CR 86-165 723 S.W.2d 844

Court of Appeals of Arkansas
Division II
Opinion delivered February 18, 1987
[Rehearing denied March 18, 1987.]

74

*Donald J. Adams*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with possession of a controlled substance (amphetamine) with intent to deliver, a violation of Ark. Stat. Ann. § 82-2617 (Supp. 1985). After a jury trial he was convicted of the lesser included offense of possession of a controlled substance, fined in the amount of $10,000.00, and sentenced to ten years in the Arkansas Department of Correction. From that conviction, comes this appeal. For reversal, the appellant argues that the trial court erred in admitting into evidence transcripts of certain telephone conversations; in failing to suppress evidence obtained from a search of the appellant's vehicle and person; and in denying the appellant's motion for mistrial based on improper questioning by the prosecution. We find no error and we affirm.

The appellant's first assignment of error involves three telephone calls to the appellant's residence made by Walter Radford, a police informant. The first two conversations were between the informant and the appellant's brother, Mike Mock. The third conversation was between the informant and the appellant. All three conversations were recorded by Sergeant Dale Best of the Arkansas State Police, and transcripts of the recordings were introduced at trial over the appellant's objection.

■■ The appellant initially argues that the trial court improperly admitted the transcripts of the telephone conversations into evidence because the interception of those conversations was unlawful under 18 U.S.C. § 2511 (1982). However, § 2511(2)(c) provides that:

> It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication

has given prior consent to such interception.

18 U.S.C. § 2511(2)(c) (1982). The appellant contends that neither the appellant nor the informant consented to the tape recording of the conversations. We do not agree. With respect to the issue of the informant's consent, the evidence was in direct conflict. At the suppression hearing, Sergeant Best testified that the informant consented to the taping of each conversation. At trial, however, the informant stated that his consent was not voluntarily given. Because the question of consent in this case turns upon the credibility of the witnesses, we defer to the superior position of the trial judge and hold that the transcripts were properly admitted into evidence. *Schneider* v. *State*, 269 Ark. 245, 599 S.W.2d 730 (1980), *cert. denied*, 449 U.S. 1124 (1981).

The appellant also argues that the transcripts were inadmissible because they were hearsay. At no time did the parties to any of the conversations specifically mention drugs or quantities. The essence of the first conversation, between the informant and the appellant's brother Mike, was that Mike could not "get anything" for the informant that night because the situation was, for the moment, "dry," and that Mike would be in touch with the informant the next day. In the second conversation, which took place the following day, Mike stated that he had intended to give the informant "a ring a little bit later on," and that he would be in touch with him in "a couple of hours." The informant's third call was placed to the same number approximately two and one-half hours later, and a person named Curly answered the call. The informant asked to speak to Mike, but the appellant came on the line instead. The appellant told the informant that he was just getting ready to "come see" the informant, and that he would be leaving in "about fifteen minutes."

"Hearsay" is defined as

a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Arkansas Statutes Annotated § 28-1001 (Repl. 1979), A.R.E. Rule 801(c). The statements made by the appellant during the third recorded conversation were properly admitted into evidence

as admissions of a party opponent under A.R.E. Rule 801(d)(2). The statements of Mike and the informant were not offered to prove the truth of the matters asserted, e.g. that the situation was "dry" or that Mike would contact the informant at a later time, but rather were offered to put into context and explain the appellant's statement that he was leaving to "come see" the informant, and thus were not hearsay as defined in A.R.E. Rule 801(c). *See Russell* v. *State*, 18 Ark. App. 45, 709 S.W.2d 825 (1986). We find no error in the admission into evidence of the transcripts of the recorded telephone conversations. We do not reach the appellant's contention that he was deprived of his right to confront and cross-examine witnesses against him due to the informant's refusal to answer any questions at the suppression hearing. An argument for reversal will not be considered in the absence of an appropriate objection in the trial court. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). To be considered appropriate, an objection must state the specific ground of objection if the ground is not apparent from the context. *Pace* v. *State*, 265 Ark. 712, 580 S.W.2d 689 (1979). The possibility of a violation of the confrontation clause was never raised as a ground for the appellant's objection to the introduction of the transcripts; thus, the issue has not been preserved for appellate review.

Next, the appellant contends that the trial court erred in refusing to suppress evidence obtained from a search of his person and vehicle. The crux of this argument is the assertion that the police lacked probable cause for either a search or seizure of the appellant or his vehicle. We do not agree. The record contains evidence that the informant was reliable in that he had previously provided the police with information leading to a drug-related arrest. Moreover, there was testimony to the effect that the informant and the appellant had conducted drug transactions in the past, and that they had adopted a procedure to govern their telephone conversations concerning the transactions. The essence of the procedure was the avoidance of any direct reference to drugs, prices or quantities while on the telephone, and they had an established meeting point where the transactions took place. Finally, there was evidence that the informant told the police that the purpose of the recorded conversations with the appellant and his brother was to set up a drug transaction, that the appellant would have one to two ounces of amphetamines and would

probably be armed, and that the appellant would be driving a red and white Ford Bronco to the prearranged meeting point near the intersection of Highway 7 and the National Forest Service road.

After learning that the drug transaction set up by the informant was to take place in approximately fifteen minutes, Arkansas State Trooper Jerry Roberts set up a roadblock close to the meeting place described by the informant. Upon reaching the roadblock, the appellant attempted to back his vehicle up and, disobeying the trooper's orders to keep his hands on the steering wheel, leaned forward in the driver's seat and placed his hand into his vest. The officers then subdued the appellant and placed him under arrest. In the course of a search contemporaneous to the arrest, they found an empty shoulder holster worn beneath the appellant's vest; an automatic pistol, loaded and with a round chambered, under the driver's seat; approximately two ounces of amphetamine powder in the appellant's vest pocket; and a quantity of marijuana in the same pocket in which the amphetamine was found. The appellant's vehicle was then searched, resulting in the discovery of additional contraband.

Probable cause sufficient to justify a warrantless arrest exists where the facts and circumstances within the arresting officer's knowledge, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution to believe that an offense has been or is being committed by the person arrested. *Gass v. State*, 17 Ark. App. 176, 706 S.W.2d 397 (1986). A determination of probable cause does not require the same quantum of proof as is necessary to support a conviction, and the propriety of arrests are to be appraised from the standpoint of a cautious and prudent police officer at the time the arrest is made. *Hines v. State*, 289 Ark. 50, 709 S.W.2d 65 (1986). In the case at bar, the information available to the arresting officers at the time of the arrest was derived both from the informant and from independent observations by the police officers after their receipt of the informant's information. The test for probable cause sufficient to issue a search warrant based upon information supplied by an informant is based upon the "totality of the circumstances": The issuing magistrate is to make a practical, common-sense decision based on all of the circumstances set out in the affidavit. *Thompson v. State*, 280 Ark. 265, 658 S.W.2d 350 (1983). While the case at

bar involves the existence of probable cause to support a warrantless arrest as opposed to the issuance of a search warrant, we think that the "totality of the circumstances" test provides a useful framework for analysis. That test was first set out in *Illinois* v. *Gates*, 462 U.S. 213 (1983), in which the Supreme Court stated that:

> [P]robable cause is a fluid concept — turning on the assessment of probabilities in particular factual contexts — not readily, or even usefully, reduced to a neat set of legal rules. Informants' tips doubtless come in many shapes and sizes from many different types of persons. . . . 'Informants' tips, like all other clues and evidence coming to a policeman on the scene, may vary greatly in their value and reliability.'

462 U.S. at 232. The veracity, reliability, and basis of knowledge of the informant are relevant considerations in the "totality of the circumstances" analysis, although a deficiency in one may be compensated by a strong showing as to another, or by some other indicia of reliability. *Id.* at 233.

 Here there was evidence that the informant had in the past supplied information to the police which led to drug related arrests. Moreover, the informant in the case at bar was not an anonymous tipster: his identity was known by the police and some of his statements were self-incriminating. The incriminating nature of a statement is itself a sufficient basis for finding it to be reliable. *Schneider* v. *State*, 269 Ark. 245, 599 S.W.2d 730 (1980), *cert. denied*, 449 U.S. 1124 (1981). There was also evidence that the informant's knowledge that the appellant would have drugs in his possession at the time of the arrest was based upon a pre-established procedure governing the transactions: drugs would not specifically be mentioned on the telephone, but the calls would set a time at which drugs would be brought to an established meeting place. The existence of this pre-established procedure was corroborated in part by the appellant's presence at that meeting point soon after the final telephone conversation. Given these circumstances, we hold that the information available to the arresting officers was sufficiently trustworthy to support a warrantless arrest. *See Gass* v. *State*, 17 Ark. App. 176, 706 S.W.2d 397 (1986); A.R.Cr.P. Rule 4.1. We further hold that the

quantum of information available to the arresting officers was sufficient to warrant them in the belief that the appellant had committed or was committing an offense at the time of the arrest. *See Gass, supra.* While the telephone conversations were·seemingly innocuous in and of themselves, they must be evaluated in the light of the informant's information: the purpose of the calls was to set up a drug transaction to be conducted according to an established procedure and, in keeping with that procedure, the appellant would arrive at the meeting place driving a red and white Bronco, with one to two ounces of amphetamine in his possession. Moreover, the evidence reflects that, when confronted by the police roadblock at the meeting point, the appellant attempted to back away. Flight to avoid arrest is admissible in corroboration of evidence tending to establish guilt. *Mason* v. *State,* 285 Ark. 479, 688 S.W.2d 299 (1985). We think that flight is likewise a circumstance to be considered in a determination of probable cause to support a warrantless arrest, and we hold that there was probable cause sufficient to justify the appellant's arrest in the case at bar. In light of this holding, the search of the appellant's person and vehicle was lawful as incident to the valid custodial arrest. *Baxter* v. *State,* 274 Ark. 539, 626 S.W.2d 935, *cert. denied,* 457 U.S. 1118 (1982); *Gass* v. *State, supra.*

The appellant's third contention is that the trial court erred in refusing to grant a mistrial based upon the prejudicial impact of questions posed to a witness by the prosecution. These questions allegedly had the effect of informing the jury that the appellant had prior drug transactions with the informant. We find no merit in this point for reversal because, prior to the appellant's motion for mistrial, the informant was allowed to testify without objection that he had previously engaged in amphetamine transactions with the appellant similar to the one with which the appellant was charged. The appellant has thus failed to demonstrate that any prejudice arose due to the subsequent questioning by the prosecution, because evidence of prior drug transactions was already before the jury at the time of his motion for mistrial. We will not reverse in the absence of demonstrated prejudicial error. *Biniores* v. *State,* 16 Ark. App. 275, 701 S.W.2d 385 (1985). Although the questions propounded by the prosecution may have been improper, we do not think that the trial judge abused his considerable discretion in refusing to

80

grant a mistrial in light of the informant's prior testimony.

Affirmed.

CORBIN, C.J., and COULSON, J., agree.