Donnell JOHNSON *v.* STATE of Arkansas

CA CR 86-221                                        730 S.W.2d 517

Court of Appeals of Arkansas
Division I
Opinion delivered June 10, 1987
[Rehearing denied July 8, 1987.]

212

*James P. Massie*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant, Donnell Johnson, was convicted in a jury trial of possession of cocaine with intent to deliver, and possession of marijuana with intent to deliver. He was sentenced to five years and four years respectively in the Arkansas Department of Correction, with the sentences to be served consecutively. On appeal, the appellant argues that the trial court erred in not suppressing the evidence which he contends was obtained by an illegal search.

At a hearing on appellant's motion to suppress, Scott Timmons, a detective with the Little Rock Police Department, testified that he arrested the appellant on August 1, 1985, after receiving a telephone call from a confidential informant whom he had known for over one year and who had given him reliable information on five prior occasions. The informant told him that a black male name Donnell Johnson was at the intersection of Gilliam Park Road and Venice Court. The informant said Johnson was sitting in a metal folding chair by a gambling game and was wearing a black baseball cap, a black pullover shirt, Lee jeans, and white tennis shoes. The informant said Johnson had several papers of cocaine and several bags of marijuana concealed in a plastic bag which he had stuffed down his pants; that he was

selling the cocaine and marijuana; and that he had a dark-colored revolver.

On the basis of that information, Timmons and several other members of the narcotics detail went to the location given by the informant. When they arrived, they found a gambling game in progress, as the informant had said, and a black male sitting in a folding chair, wearing the clothing described by the informant. The man said his name was Donnell, and Timmons testified this led him to believe that this was the man the informant had described. Timmons testified he made a frisk of the appellant to check for a weapon and to see if he had drugs on him. During the search, Timmons felt an object but could not determine what it was. He then unzipped the appellant's blue jeans and could see a plastic bag stuffed in his underwear. Inside that bag were other clear plastic bags containing green vegetable matter. Timmons pulled the bag out and found it contained seven clear bags each containing what appeared to be marijuana, and a Kool cigarette package with six white folded papers containing what appeared to be cocaine. Timmons then arrested the appellant.

Appellant argues that Officer Timmons performed the search with the dual purpose of securing a weapon and drugs, thus exceeding the permissible scope of a "stop and frisk" and contrary to the holding of *Terry* v. *Ohio,* 392 U.S. 1 (1968). We do not address this particular argument because we uphold the search as a search incident to a lawful arrest.

On appeal, the legality of an arrest is presumed and the burden is on the appellant to establish its illegality. *Freeman* v. *State,* 6 Ark. App. 240, 640 S.W.2d 456 (1982). An officer may arrest a person without a warrant if he has reasonable cause to believe the person has committed a felony. *Gaylor* v. *State,* 284 Ark. 215, 681 S.W.2d 348 (1984); A.R.Cr.P. Rule 4.1(a)(i). Reasonable cause exists where facts and circumstances, within the arresting officer's knowledge and of which he has reasonably trustworthy information, are sufficient within themselves to warrant a man of reasonable caution to believe that an offense has been committed by the person to be arrested. *Gass* v. *State,* 17 Ark. App. 176, 706 S.W.2d 397 (1986); *Gaylor* v. *State, supra.* Most courts agree there is no substantive distinction between the terms "reasonable cause" and "probable cause." *McGuire* v.

*State,* 265 Ark. 621, 580 S.W.2d 198 (1979); *see also* Commentary to Article IV following A.R.Cr.P. Rule 10.1.

■ In this case, the information giving rise to reasonable cause was obtained as a result of a confidential informant's telephone call. In *Mock* v. *State,* 20 Ark. App. 72, 723 S.W.2d 844 (1987), we noted that the test for probable cause sufficient to issue a search warrant based upon information supplied by an informant is based on the "totality of the circumstances." *See also Illinois* v. *Gates,* 462 U.S. 213 (1983). In *Mock,* we said:

> While the case at bar involves the existence of probable cause to support a warrantless arrest as opposed to the issuance of a search warrant, we think that the "totality of the circumstances" test provides a useful framework for analysis. . . . The veracity, reliability, and basis of knowledge of the informant are relevant considerations in the "totality of the circumstances" analysis. . . .

20 Ark. App. at 77-78.

■ Here, Officer Timmons testified he had known the confidential informant for over one year and had been given reliable information by him on five prior occasions. The informant told the officer that appellant was selling marijuana and cocaine, a felony under Ark. Stat. Ann. § 82-2617 (Supp. 1985); and when the officers went to the location provided by the informant, the information checked out. Under these circumstances, we think the officers had reasonable cause to arrest appellant without a warrant. *See Draper* v. *United States,* 358 U.S. 307, 313 (1959).

■ An officer making a lawful arrest may conduct a search of the person or property of the accused without a warrant, to protect the officer, the accused, or others; to obtain evidence of the commission of the offense for which the accused has been arrested; and to seize contraband or other things criminally possessed or used in conjunction with the offense. A.R.Cr.P. Rule 12.1. The search in this case clearly falls within the guidelines of Rule 12.1.

■ A search is valid as incident to a lawful arrest even if conducted before the actual arrest provided the arrest and search are substantially contemporaneous and there was probable cause

to arrest prior to the search. *Rawlings* v. *Kentucky,* 448 U.S. 98 (1980); *Horton* v. *State,* 262 Ark. 211, 555 S.W.2d 226 (1977). Here, the "arrest followed quickly on the heels of the challenged search" of appellant's person, *see Rawlings,* 448 U.S. at 111, and as soon as Timmons found the contraband.

Judged by these standards and based on the evidence of record, we conclude that reasonable cause to arrest the appellant existed prior to the challenged search, that the search and subsequent arrest were "substantially contemporaneous," and that the trial court did not err in refusing to suppress the evidence.

Affirmed.

CORBIN, C.J., and COULSON, J., agree.