Alton Levern BRUNSON *v.* STATE of Arkansas

CA CR 95-628 925 S.W.2d 434

Court of Appeals of Arkansas
En Banc
Opinion delivered June 26, 1996

*William R. Simpson, Jr.*, Public Defender, by: *Kent C. Krause*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. Alton Levern Brunson has appealed his conviction after a bench trial in the Pulaski County Circuit Court on the charges of misdemeanor possession of a controlled substance (marijuana) and felony possession of a controlled substance (cocaine). Appellant argues that the police officer who searched his person without a warrant lacked probable cause to believe that he had committed a felony, thereby making his arrest and search unlawful, and appellant contends that the trial court erred by denying his motion to suppress the evidence obtained from the search. We hold that appellant's motion to suppress should have been granted because the warrantless search lacked probable cause, thereby making the fruit of the search illegal under the Fourth Amendment to the Constitution of the United States. Therefore, we reverse the conviction.

Appellant was one of four people riding in a car around 1:30 a.m. on March 19, 1994, in North Little Rock when Officer John Breckton of the North Little Rock Police Department stopped the car because it was playing music too loudly in violation of a city noise ordinance. Officer Breckton testified that as he approached the driver's side of the car, he smelled the odor of marijuana, so he ordered the occupants from the car. Appellant was seated in the rear seat on the passenger side, and exited the car as ordered. Officer Breckton then performed a pat-down search of the occupants, including appellant, in a search for drugs.[1] Based upon the items

---

[1] The officer testified at trial, in pertinent part, as follows:

As I walked up to the driver's side and approached the vehicle I smelled an odor of marijuana coming from the vehicle. After I smelled this odor of marijuana, I had the occupants of the car step out of the vehicle. The defendant was in the rear passenger side seat. When I came in contact with him I proceeded to search him. I did this because I had a suspicion that there was marijuana in the . . . because of the smell, we searched all the occupants of the vehicle. I performed a search of his person, a pat-down search, where I found a small quantity of marijuana in his left front pants pocket. I found that and a package of cigarette rolling papers in the same

found during the search, appellant was charged. He moved to suppress the evidence seized during the search of his person on the ground that the search was unlawful. The trial court denied the motion to suppress, and found him guilty. The misdemeanor sentence was merged with the felony, and appellant was fined $250, placed on probation for five years, and ordered to pay court costs.

■ In reviewing the denial of a motion to suppress evidence, the appellate court makes an independent determination based on the totality of the circumstances and reverses the decision only if the trial court's ruling was clearly against the preponderance of the evidence or was clearly erroneous. *Mounts v. State*, 48 Ark. App. 1, 888 S.W.2d 321 (1994); *Houston v. State*, 41 Ark. App. 67, 848 S.W.2d 430 (1993). We have reviewed the evidence in light of this standard, and conclude that the trial court's denial of appellant's motion to suppress was clearly erroneous, thereby compelling reversal.

■ The Fourth Amendment to the Constitution of the United States protects persons from unreasonable searches and seizures.[2] This constitutional guarantee means that appellant's motion to suppress requires analysis of several factors: (1) whether he was searched based upon a warrant; (2) if not, whether the warrantless search was based upon probable cause; and (3) if that was not the case, whether the warrantless search was incidental to a contemporaneous lawful arrest. None of these factors apply to this case. Instead, the State argues that the motion to suppress was properly denied because appellant was bodily searched incidental to a vehicular search for contraband that the officer reasonably believed might have been contained in the vehicle in which he was a passenger pursuant to Rule 14.1 of the Arkansas Rules of Criminal Procedure. Rule 14.1 applies to vehicular searches, and states, in pertinent part:

pocket. At that time I place him under arrest. I continued the search and in the cargo pocket of his left leg, the pocket lower down, there were two rocks of suspected crack cocaine.

[2] The text of the Fourth Amendment states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

(a) An officer who has reasonable cause to believe that a moving or readily movable vehicle is or contains things subject to seizure may, without a search warrant, stop, detain, and search the vehicle and may seize things subject to seizure discovered in the course of the search where the vehicle is: (i) on a public way or waters or other area open to the public; . . .

(b) If the officer does not find the things subject to seizure by his search of the vehicle, and if: (i) the things subject to seizure are of such a size and nature that they could be concealed on the person; and (ii) the officer has reason to suspect that one (1) or more of the occupants of the vehicle may have the things subject to seizure so concealed; the officer may search the suspected occupants. . .

The evidence does not support the State's reliance upon Rule 14.1 and the cases that have applied it. There is no proof that Officer Breckton searched the vehicle after he smelled marijuana but before searching appellant. Rule 14.1 explicitly conditions a search of the occupants of a vehicle in which an officer believes things subject to seizure may be found on a prior search of the vehicle. The vehicular search must not produce the things that the officer reasonably believes are subject to seizure and which are of the size and nature that the officer has reason to suspect that one or more of the occupants of the vehicle may have concealed on his or her person.

The State cannot rely upon Rule 14.1(b) to justify the search of appellant's person where the clear proof shows that Officer Breckton made no effort to search the vehicle for the marijuana that he believed that he smelled. To rule otherwise would render the introductory clause of Rule 14.1(b) a nullity, and would essentially license officers to perform warrantless searches of persons traveling the streets and highways of Arkansas even where the officers lacked probable cause to believe that those persons were guilty of anything more than riding in a vehicle. Indeed, if Officer Breckton did smell the odor of marijuana as he approached the vehicle on the driver's side, it is at least odd that he conducted no search for marijuana in the vehicle before searching its occupants, or afterwards as far as can be determined from the record.

There is no evidence indicating how the officer

formed a reasonable suspicion that appellant, in particular, had concealed any contraband given that the officer detected the marijuana odor as he approached the driver's side of the vehicle whereas appellant was seated in the rear, and on the opposite side. Rule 2.1 of the Arkansas Rules of Criminal Procedure defines "reasonable suspicion" as suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion. Reasonable suspicion for detaining persons under Rule 3.1 of the Rules of Criminal Procedure and conducting weapons searches under Rule 3.4 (the stop and frisk situation not involved in this case) is different from probable cause for an arrest or for a warrantless search. Probable cause for an arrest means a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves and existing at the time the arrest is made which justify a cautious and prudent police officer in believing that the accused committed a felony, although this does not require the quantum of proof necessary to support a conviction. *Reed v. State*, 9 Ark. App. 164, 656 S.W.2d 249 (1983). Accepting the assertion that Officer Breckton smelled marijuana as he approached the driver's side of the vehicle and, therefore, had reasonable cause to conduct a warrantless search of the vehicle does not authorize us to ignore the plain language of Rule 14.1 requiring that the officer first search the vehicle and fail to find the things believed subject to seizure before proceeding to search the occupants.

Although the dissenting members of our panel would uphold the trial court's denial of appellant's motion to suppress by viewing the search as one incidental to a contemporaneous arrest, we do not share their reasoning. It is true that pursuant to Rule 3.1 of the Arkansas Rules of Criminal Procedure, a law enforcement officer lawfully present in any place may, in the performance of his or her duties, conduct what is known as an investigatory stop and briefly detain any person reasonably suspected of committing, having committed, or about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to persons or appropriation of or damage to property, if stopping and detaining that person is reasonably necessary to either obtain or verify the identification of the person or to determine the lawfulness of his or her conduct. Moreover, when a law enforcement officer who has detained a person in

connection with an investigatory stop reasonably suspects that the person is armed and presently dangerous to the officer or others, the officer or a designee may search the outer clothing of the person detained and seize any weapon or other dangerous thing which may be used against the officer or others. Ark. R. Crim. P., Rule 3.4. Neither of these situations existed in this case.

■ Rule 4.1 of the Arkansas Rules of Criminal Procedure provides that a law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that the person arrested has committed a felony, a traffic offense involving either death or physical injury to a person, damage to property, or driving while under the influence of any intoxicating liquor or drug, as well as any violation of law in the officer's presence. There is no evidence before us showing that Officer Breckton saw appellant commit any violation of the law, not to mention an offense covered by that rule.

■ We have also reviewed Rule 12.1 of the Rules of Criminal Procedure to determine whether the search in this case can be upheld as incidental to appellant's arrest. That rule provides that an officer making a lawful arrest may conduct a warrantless search of the person or property of the accused for only four purposes: (1) to protect the officer, the accused, or others; (2) to prevent the accused from escaping; (3) to furnish appropriate custodial care if the accused is jailed; or (4) to obtain evidence of the commission of the offense for which the accused has been arrested or to seize contraband, the fruits of crime, or other things criminally possessed or used in conjunction with the offense. But if Officer Breckton lacked probable cause for arresting appellant, he manifestly lacked a reasonable basis for searching him. Nothing resembling probable cause existed until the officer searched appellant's pocket and found the marijuana. The officer admitted that he searched appellant and the other occupants of the vehicle because he had smelled marijuana. As the United States Supreme Court emphasized in *Sibron* v. *New York*, 392 U.S. 40 (1968), it is axiomatic that an incident search may not precede an arrest and serve as part of its justification.

Officer Breckton had observed nothing about appellant's behavior or appearance before performing the search that created a reasonable basis for suspecting that appellant had done anything deserving arrest, let alone concealed contraband on his person. This factor distinguishes this case from those where evidence was seized

after a search prompted by the officer who saw the defendant attempt to conceal suspicious material after the officer had detected the odor of marijuana. *Crail* v. *State*, 309 Ark. 120, 827 S.W.2d 157 (1992). He did not perform the pat-down search of appellant based upon a reasonable concern that appellant was armed as was done in *Jackson* v. *State*, 34 Ark. App. 4, 804 S.W.2d 735 (1991). Appellant had committed no crime in the officer's presence. Assuming that the officer smelled the odor of marijuana smoke, possession of marijuana would have been a misdemeanor, so the search cannot be sustained as one incidental to arresting appellant for a felony. The crack cocaine was not found until after appellant had already been arrested for misdemeanor possession of marijuana, having been searched without probable cause for believing that he had committed any crime. Based on the facts known to Officer Breckton before appellant was searched, appellant should not have been searched because there was nothing beyond a naked hunch for believing that he had committed a crime or that he possessed contraband.

■ In order to justify the intrusion into personal privacy caused when agents of the government handle persons and their effects, the government agent must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. *Terry* v. *Ohio*, 392 U.S. 1 (1968). The requisite cause justifying an arrest is not the same as that proof necessary to support a conviction. *Burks* v. *State*, 293 Ark. 374, 738 S.W.2d 399 (1987). However, it is well settled that absent a valid arrest and probable cause to make a warrantless search, evidence seized as the result of the warrantless search of the defendant's person is obtained illegally. *United States* v. *Di Re*, 332 U.S. 581 (1948). If persons can be arrested and searched without a warrant and without probable cause, then the Fourth Amendment rings hollow indeed when it guarantees persons the right to be secure in their persons against unreasonable searches and seizures. Riding in a car that is playing loud music is not a crime, let alone a felony, even if the car smells like marijuana. Persons riding vehicles on the streets, roads, and highways of this state have a reasonable expectation that they will not be forced to submit to invasion of their privacy merely because the police are zealous to combat the evil of illegal drugs.

■ Because there was no probable cause for arresting appellant and searching him, it follows that the evidence seized because

of the illegal search should have been suppressed pursuant to his motion. Since the decision by the United States Supreme Court in *Mapp* v. *Ohio*, 367 U.S. 643 (1961), the sanction for illegal searches has been to exclude illegally obtained evidence in state criminal cases. The exclusion of evidence obtained due to illegal searches in this nation dates back to 1914 when the United States Supreme Court made the following statement in *Weeks* v. *United States*, 232 U.S. 383 (1914):

> If letters and private documents can thus be seized and held and used in evidence against a citizen accused of an offense, the protection of the Fourth Amendment declaring his right to be secure against such searches and seizures is of no value, and, so far as those thus placed are concerned, might as well be stricken from the Constitution. The efforts of the courts and their officials to bring the guilty to punishment, praiseworthy as they are, are not to be aided by the sacrifice of those great principles established by years of endeavor and suffering which have resulted in their embodiment in the fundamental law of the land.

*Id.* 232 U.S. at 393. Justice Clark, in writing for the majority in *Mapp* v. *Ohio*, stated: "The criminal goes free if he must, but it is the law that sets him free. Nothing can destroy a government more quickly than its failure to observe its own laws, or worse, its disregard of the charter of its own existence." 367 U.S. 659, (quoting *Olmstead* v. *United States*) 277 U.S. at 438. As Justice Brandeis, dissenting, said in *Olmstead*:

> Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example . . . . If the Government becomes a lawbreaker, it breeds contempt for the law; it invites every man to become a law unto himself; it invites anarchy.

 Based upon our independent determination of the totality of the circumstances surrounding appellant's search and arrest, and after viewing the evidence in the light favorable to the State as required by our standard of review, we conclude that Officer Breckton lacked probable cause for arresting appellant and conducting a warrantless search of his person. Hence, the search was prohibited by the Fourth Amendment, the evidence seized thereby was obtained illegally, and the trial court's denial of appel-

lant's motion to suppress the evidence obtained in the illegal search was clearly erroneous.

Reversed and remanded.

COOPER, ROBBINS, and MAYFIELD, JJ., agree.

JENNINGS, C.J., and ROGERS, J., dissent.

JUDITH ROGERS, Judge, dissenting. I cannot disagree with the majority's conclusion that the search of appellant's person cannot be justified under Ark. R. Crim. P. 3.4, because the officer candidly stated in his testimony that he was not conducting a protective search for weapons. Nor do I disagree with the majority's holding that the search cannot be upheld under Ark. R. Crim. P. 14.1(b), for the simple reason that the officer did not search the vehicle prior to the search of appellant's person as is contemplated by that rule. However, I cannot agree with the majority's decision that the odor of marijuana did not provide sufficient reasonable cause to authorize the arrest of appellant. Therefore, I dissent.

Rule 4.1(a)(iii) of the Arkansas Rules of Criminal Procedure provides that a law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed any violation of the law in the officer's presence. Reasonable, or probable, cause for a warrantless arrest exists when the facts and circumstances within an officer's knowledge are sufficient to permit a person of reasonable caution to believe that an offense has been committed or is being committed by the person arrested. *Hudson* v. *State*, 316 Ark. 360, 872 S.W.2d 68 (1994); *Mock* v. *State*, 20 Ark. App. 72, 723 S.W.2d 844 (1987). Probable cause to arrest does not require the degree of proof sufficient to sustain a conviction. *Hudson* v. *State, supra.* Our courts have committed themselves to the reasonable, common-sense approach to these determinations and arrests are to be appraised from the viewpoint of prudent and cautious police officers at the time the arrest is made. *Gass* v. *State*, 17 Ark. App. 176, 706 S.W.2d 397 (1986). Furthermore, Rule 4.1(c) provides that an arrest shall not be deemed to have been made on insufficient cause solely on the ground that the officer is unable to determine the particular offense which may have been committed.

Rule 12.1(d) provides that an officer who is making a lawful arrest may, without a search warrant, conduct a search of the person

or property of the accused to obtain evidence of the commission of the offense for which the accused has been arrested or to seize contraband, the fruits of the crime, or other things criminally possessed or used in conjunction with the offense. A search is valid as incident to a lawful arrest even if it is conducted before the actual arrest, provided that the arrest and search are substantially contemporaneous and there was probable cause to arrest prior to the search. *Johnson v. State*, 21 Ark. App. 211, 730 S.W.2d 517 (1987). Warrantless arrests are presumptively legal, *Freeman v. State*, 6 Ark. App. 240, 640 S.W.2d 456 (1982), and in arrest cases, all presumptions on appeal are favorable to the trial court's ruling and the burden of establishing error rests on the appellant. *Gaylor v. State*, 284 Ark. 215, 681 S.W.2d 348 (1984).

The search in this instance was substantially contemporaneous with appellant's arrest. Therefore, the issue in this case is whether the odor of marijuana gave the officer reasonable cause to believe that appellant was committing a crime in his presence. The trial court so concluded, and in reviewing a trial court's decision to deny an appellant's motion to suppress evidence, this court makes an independent determination based on the totality of the circumstances and reverses only if it is clearly against the preponderance of the evidence. *Bonebrake v. State*, 51 Ark. App. 81, 915 S.W.2d 723 (1995).

The Supreme Court in *Johnson v. United States*, 333 U.S. 10 (1948), observed that probable cause can be established by a police officer relying on his sense of smell. The Court rejected the defendant's contention:

> ... that odors cannot be evidence sufficient to constitute probable cause grounds for any search.... If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify issuance of a search warrant. Indeed it might very well be found to be evidence of the most persuasive character.

*Id.* at 13. Although the *Johnson* court was speaking in terms of probable cause sufficient to justify the issuance of a search warrant, its reasoning is not wholly inapposite here. While the two represent distinct concepts, our supreme court has recognized that the same

standards govern reasonable cause or probable cause determinations, whether the question concerns the validity of an arrest or the validity of a search and seizure. *Hudson* v. *State, supra.*

Although completely ignored by the majority, there is a body of law pertaining to probable cause determinations based on the odor of marijuana. A review of these decisions reveals that there is some controversy as to whether or not the odor of burned marijuana, standing alone,[1] supplies sufficient probable cause for a search of an automobile or for the arrest of its occupants. However, there appears to be less debate when the odor of unburned marijuana is at issue. In *People* v. *Hilber*, 269 N.W.2d 159 (Mich. 1978), the Supreme Court of Michigan found a distinction between the two types of odors and the inferences to be drawn from their detection. The court observed that the odor of unburned marijuana indicated the actual presence of marijuana and thus would support a finding of probable cause.[2] In a plurality decision, however, the court struck down the search of a vehicle based solely upon the smell of burned marijuana, reasoning that such an odor was only indicative of the presence of marijuana some time in the past.[3]

Yet, a different result was reached in *State* v. *Reuben* 612 P.2d 1071 (Ariz. Ct. App. 1980), where it was held that the odor of burned marijuana provided probable cause for the search of a vehicle. The court so held in reliance on a previous decision of its own supreme court in *State* v. *Decker*, 580 P.2d 333 (Ariz. 1978), where it was said:

> Even if the smell of burned marijuana has a lingering effect, as is urged, we think that a man of reasonable pru-

---

[1] In some cases, the odor of marijuana combined with other circumstances has been deemed sufficient to support a finding of probable cause for an arrest. *See e.g. State* v. *Valenzuela*, 589 P.2d 1306 (Ariz. 1979); *State* v. *Medders*, 266 S.E.2d 331 (Ga. Ct. App. 1980). In *Adams* v. *State*, 26 Ark. App. 15, 758 S.W.2d 709 (1988), we held that the odor of marijuana and the officer's observation of appellant stuffing something down his pants resulted in probable cause for an arrest.

[2] We have held that the odor of marijuana emanating from a vehicle provides probable cause for the search of the vehicle. *Lopez* v. *State*, 29 Ark. App. 145, 778 S.W.2d 641 (1989). *See also State* v. *Greenwood*, 268 S.E.2d 835 (N.C. Ct. App. 1980).

[3] *See also State* v. *Schoendaller*, 578 P.2d 730 (Mont. 1978) (odor of burned marijuana not sufficient to support a finding of probable cause).

dence, upon smelling the odor of burned marijuana, would believe that marijuana is present.

*Id.* at 335-36.

In *State v. Judge*, 645 A.2d 1224 (N.J. Super. Ct. App. Div. 1994), it was determined that the odor of burnt marijuana in a vehicle satisfied the requirement of probable cause for an arrest. There, the court rejected the distinction recognized in *People v. Hilber, supra*, and held that the odor of burned marijuana creates the inference that marijuana is physically present in the vehicle, and on the persons occupying the vehicle.

Likewise, in *State v. Hammond*, 603 P.2d 377 (Wash. Ct. App. 1979), it was held that probable cause existed to arrest an occupant of an automobile based on the odor of burned marijuana emanating from the vehicle. The court observed that:

> An officer is entitled to rely on his senses in determining whether contraband is present in a vehicle. If the contraband is seen or smelled, the officer is not required to close his eyes or nostrils, walk away, and leave the contraband where he sees or smells it.

*Id.* at 378 (*quoting State v. Romonto*, 212 N.W.2d 641, 644 (Neb. 1973)). In concluding that the aroma of burned marijuana established probable cause for the arrest of a vehicle's occupants, the *Hammond* court was also persuaded by the decision in *Dixon v. State*, 343 So.2d 1345 (Fla. Dist. Ct. App. 1977). There it was held that the odor of burned marijuana and smoke emanating from a vehicle constituted probable cause to believe that each occupant of the car may have had actual or constructive possession of marijuana, thus justifying the arrest of the vehicle's occupants.[4]

The officer in this case testified that he smelled the odor of marijuana coming from the vehicle.[5] It was 1:00 a.m., and the officer had just legitimately stopped the vehicle for playing loud music in violation of a city ordinance prohibiting raucous noise. Under the totality of the circumstances and under a practical and

---

[4] *See also State v. Mitchell*, 482 N.W.2d 364 (Wis. 1992); *State v. Greenslit*, 559 A.2d 672 (Vt. 1989).

[5] Appellant has not challenged the officer's qualifications in detecting the odor of marijuana.

common-sense approach, and with due consideration of the opinions from other courts, I conclude that the officer was justified in making an arrest. The odor of marijuana arouses more than a "naked hunch" that criminal activity is afoot. As is shown here, to a trained police officer the odor of marijuana emanating from ·the closed environment of an automobile gives rise to the reasonable inference that marijuana is present in the vehicle. And, operating under that rational inference, it is also logical to believe that any one of the passengers is in possession of the prohibited substance. Of course, possession of marijuana is unlawful. Ark. Code Ann. § 5-64-401 (Supp. 1995). It should not be said then that the officer did not have reasonable cause to believe that a violation of our law was being committed in his presence. It was simply not necessary for the officer to be certain beyond a reasonable doubt. Nor is it reasonable or realistic to expect an officer to be able to pinpoint the offender with the accuracy of a dog trained in the detection of narcotics. All that is required under the law is a reasonable belief as viewed from the standpoint of a prudent police officer. I cannot say that the evidence in this case does not satisfy that test; therefore, I would sustain the trial court's denial of the motion to suppress.

JENNINGS, C.J., joins in this dissent.