Winfred Javaar LAWRENCE *v.* STATE of Arkansas

CA CR 02-397                                    104 S.W.3d 393

Court of Appeals of Arkansas
Division I
Opinion delivered April 16, 2003

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this criminal case was convicted of aggravated robbery and theft, and was sentenced to terms of fifteen years and five years of imprisonment, to be served concurrently. From that decision, comes this appeal.

For reversal, appellant contends that the trial court erred in allowing into evidence an out-of-court statement given by Antonio Jordan to law enforcement officers. In the alternative, appellant contends that the trial court erred in allowing into evidence those parts of Antonio Jordan's statement that repeated out-of-court statements made by a third party, Jesse James Smith. We think that appellant's second argument has merit, and we reverse and remand on that point.

There was evidence at trial to show that a masked person generally fitting appellant's description robbed a bank, threatening bystanders with a sawed-off shotgun. The only evidence identifying appellant as the robber was a statement made to police by Antonio Jordan. Jordan made an out-of-court statement to police that he was at a party with appellant and Jesse James Smith shortly after the robbery. Jordan stated that appellant told him that he had just

robbed a bank. Jordan also stated that Smith told him that appellant participated in the robbery and wore a mask, and was worried because a water company employee saw him come out of the bank wearing the mask. Jordan further stated that Smith told him that Smith drove the getaway car after the robbery and later disposed of the shotgun.

Jordan did not testify at trial, apparently because he refused to do so. The State sought to introduce Jordan's out-of-court statement in his absence. The appellant objected and filed a motion in limine. Jordan appeared at a pretrial hearing on the motion and testified that he remembered making a statement to police officers, but that he did not remember what he said to them. He further stated that he was threatened into giving a statement and that he did not know if what he told the police was the truth or not. Finally, Jordan claimed to be schizophrenic.

The trial court ruled that Jordan was mentally competent to testify. The State then proposed to introduce Jordan's out-of-court statement at trial, asserting that it was admissible under the exception to the hearsay rule set out in Rule 803(5). The court ruled that Jordan's statement was admissible under 803(5) because, in the statement, Jordan told the police that everything he said in his statement was true. The statement was admitted, appellant was convicted, and this appeal followed.

On appeal, appellant contends that the trial court erred in admitting Jordan's out-of-court statement, asserting that Rule 803(5) is inapplicable because Jordan did not testify at trial that the statement was truthful and that the recordation was accurate. We do not agree.

■ Arkansas Rule of Evidence 803(5) provides that hearsay is admissible, regardless of the declarant's availability, if it is in the form of a:

> *Recorded Recollection.* A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Two elements must be established to provide a foundation for such a recorded recollection to be read into evidence at trial: first, there must be evidence that the recordation was *adopted* by the declarant; second, there must be evidence that the recordation was *accurately recorded*.

■ Here, Jordan affirms in the statement itself that it is true, therefore satisfying the requirement that the recordation must be adopted by the declarant. With regard to the second requirement, there was no evidence that Jordan himself ever affirmed that his statement was accurately recorded. There was, however, testimony by a police officer who was present at the time the statement was made stating that Jordan's statement was accurately recorded.

■ The central question in this case, therefore, is whether a record prepared by a party other than the declarant is admissible under 803(5) in the absence of testimony by *both* the declarant and the recorder that the information is true and that the recordation was accurate? The State argues that both parties to the record must testify as to both aspects of the foundation, *i.e.*, truth and accuracy. We do not agree. To the contrary, it has been said that:

> Both participants must ordinarily testify, the *reporter vouching for the accuracy of the oral report* and *the recorder for the accuracy of the transcription*.

WEINSTEIN'S EVIDENCE ¶ 803.10(5) (2d ed. 2002) (emphasis supplied). That is precisely what occurred in the present case: appellant affirmed in his statement itself that he was telling the truth, and the police officer who was present testified as to the accuracy of the transcription.

■ We acknowledge the argument that the police officer's testimony concerning the accuracy of recordation should be disregarded because Jordan failed to unequivocally adopt the statement as truthful when he testified at the pretrial hearing. However, Jordan's testimony at the hearing was inconsistent and self-contradicting. Although he at times stated that he was under duress and that he could not remember what he said to the police, he also acknowledged that he did give a statement, and he did not disagree that it reflected what he said at the time. We think that the contradictions in Jordan's testimony regarding the statement were properly resolved by the trial court, and that he did not err in holding that the statement was admissible as a recorded recollection.

Jordan's out-of-court statement is *itself* hearsay, and we have held that it was properly allowed into evidence under Rule 803(5) as a recorded recollection. Appellant's second point on appeal raises an entirely different question, *i.e.*, whether there is a basis for admitting into evidence the *contents* of that written statement which are *themselves* hearsay.

■ ■ The statements made by appellant to Jordan were properly admitted as admissions against penal interest by the appellant, a party-opponent in this case. *See Mock v. State*, 20 Ark. App. 72, 723 S.W.2d 844 (1987). However, we find no such independent grounds for admitting the portions of Jordan's out-of-court statement recounting the statements made by Smith, who was not involved in this case. The trial judge based the admission of Smith's statements on Ark. R. Evid. 801(d)(2)(v), which exempts from the definition of hearsay a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy. However, it is clear that Smith's statement to Jordan, made at a party after the robbery had been committed, was simply after-the-fact boasting that was neither in the course of nor in furtherance of the robbery. Furthermore, Smith's statements as repeated by Jordan implicated both Smith and the appellant, and therefore do not fall within the statement-against-interest exception to the hearsay rule set out in Ark. R. Evid. 804(b)(3). Consequently, we hold that the trial court erred in admitting those portions of Jordan's out-of-court statement recounting the statements made to Jordan by Smith.

■ Finally, we do not agree with the State's argument that the admission of these statements was harmless. Smith's statement directly implicated the appellant and, as the State itself argued to the jury, the amount of detail contained in Smith's statements as reported by Jordan regarding the particulars of the crime, such as the use of the mask and the robbers' apprehension concerning the presence of a witness near the getaway car, tended to make Jordan's out-of-court statement considerably more credible.

Reversed and remanded.

GLADWIN, J., agrees.

HART, J., concurs.